On August 27, 1940, plaintiff, alleging that he is a judgment creditor of the defendant, the said judgment having been obtained by him on October 30, 1923, in the case of M.A. Park v. Page Supply Co. et al., in the County Court of Wichita County At Law, Wichita County, Texas, instituted this action to have said judgment recognized and made the judgment of the District Court for the Parish of Iberville and subject to execution therein, under the "Full Faith and Credit" clause of the United States Constitution (Art. IV, Section 1).
He alleges that under the laws of the State of Texas, prescription of the judgment did not begin to run if execution thereon was issued within twelve months from its rendition and that prescription was interrupted and started anew when a subsequent execution was issued prior to the expiration of the ten years, dating from the date of the rendition of the judgment and/or the date of the issuance of the execution of the said judgment.
He further alleges that on August 15, 1924, within the twelve months from the rendition of the judgment, he caused execution to issue; and that again on August 24, 1931, he caused another writ of execution to issue, annexing to his petition photostatic copies thereof and making them part of his petition, which photostatic copies show that the first writ was directed *Page 460 
to the Sheriff of Wichita County, Texas, and upon which the sheriff's return showed that no property was found and that the second writ was directed to the Sheriff of Harris County, Texas, upon which return was made that no property was found.
He further alleges that under the laws of Texas, prescription was interrupted under the date of August 24, 1931, and that prescription only began to run from that date and that a period of ten years has not elapsed.
He further alleges that defendant is a resident of the Parish of Iberville and that defendant has only been a resident of this State during the last five or six years.
Defendant answered, denying any liability to plaintiff, and averring that he did not have any information relative to the suit until about the 25th of September, 1939, when he received a letter from A.C. Scurlock, of Dallas, Texas, advising him that said Scurlock was the owner of a half interest therein. He denied that any summons or citation had been served upon him prior to the rendition of said judgment, for which reason it was null and void.
Defendant further alleged that, under the laws of Texas, for the issuance of an execution to interrupt the statute of limitation, or to prevent a judgment from becoming dormant, such execution must be issued in a serious attempt to realize thereon, which was not the fact in either of the purported executions described in plaintiff's petition.
He further alleged that the execution of the judgment of August 15, 1924, bears an endorsement of a deputy sheriff, dated August 15, 1924, the date of its issuance, simply showing "Nulla Bona", which endorsement was made without a demand upon defendant herein, or upon any judgment debtor for the payment of the amount called for in the writ.
He further alleged that the execution of August 24, 1931, was of no force or effect because the judgment was already dormant through failure to make a serious effort to execute the prior writ within twelve months. He further alleged that the writ of August 24, 1931, did not interrupt prescription because there was no demand made upon defendant or any of the other judgment debtors; that the sheriff made his return of "Nulla Bona" thereon on September 10, 1931, but it was not filed in the clerk's office until December 21, 1939; that, under the laws of the State of Texas, in order for either of said writs to prevent the judgment from becoming dormant, it was necessary that they be issued in good faith, and executed in a manner to show a serious intent to collect the judgment, and be returned to the court from which they were issued within a period of ninety days from the date of issuance, none of which was done in either instance, for which reasons they did not interrupt prescription or prevent the judgment from becoming dormant under the laws of Texas.
Defendant specifically plead that said judgment was prescribed or barred by the statute of limitation under the laws of Texas, and has no force or effect.
Defendant further plead in the alternative, on information received, that plaintiff was not the owner of said judgment, but that one-half interest therein belonged to A.C. Scurlock of Dallas, Texas, and plaintiff has no right to sue thereon or attempt to enforce same.
Upon the day the case was fixed for trial in the district court, defendant filed a plea of prescription of ten years liberandi causa, under the provisions of Civil Code, Article 3547, alleging that the judgment was rendered October 20, 1923, and no suit to have it revived had been instituted in Louisiana within ten years from the date thereof, and plaintiff's action was barred by the prescription of ten years as all actions are barred by the lex loci.
On the issues as thus made up the trial judge, in a lengthy and a very carefully considered written opinion, maintained the three principal defenses urged by the defendant, that is: (a) The plea of prescription of ten years liberandi causa, under the provisions of C.C. Art. 3547; (b) that the judgment sued upon was barred by the statute of limitations of Texas; and (c) that plaintiff had failed to show that the defendant was served with a citation issued by the County Court of Wichita County. He rendered a judgment in favor of defendant and against the plaintiff, dismissing plaintiff's suit. Plaintiff has appealed.
For the purpose of this decision the pertinent facts are: On October 30, 1923, plaintiff obtained a judgment in the County Court at Law, Wichita County, Texas, against the defendant and two other parties. *Page 461 
On August 15, 1924, plaintiff caused a writ of execution to issue thereon directed to the Sheriff of Wichita County. On the same day, the writ was returned by the Sheriff with his endorsement of "Nulla Bona" to the attorney for plaintiff, who presented the writ to the Clerk of the said court on August 16, 1924, for his endorsement of filing. The writ, together with the endorsements, was retained by plaintiff's attorney until December 21, 1939, when it was returned to the Clerk of the court's office. On August 24, 1931, another writ issued on the judgment, addressed to the Sheriff for Harris County, Texas, which writ was also given to plaintiff's attorney, who forwarded the same to the said Sheriff. The Sheriff received the writ on August 26, 1931, and on September 10, 1931, he made his report that he could not find any property belonging to the defendants, and returned the writ with his endorsement to plaintiff's attorney. This writ was returned to the Clerk for Wichita County on December 21, 1939, for filing and endorsement. Plaintiff filed this suit on August 27, 1940, in the District Court for the Parish of Iberville, alleging that defendant was a resident of this State.
It is axiomatic that no execution can be issued in one State on a judgment of a court of another state without a new suit thereon in the tribunal of the former state. Cole v. Cunningham,133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538.
Under the provisions of Code of Practice, Article 13, whenever a suit is brought in this State on a foreign judgment, the suit is governed by the laws of this State, it being an action in remedy; prescription is a question affecting the remedy and therefore our laws relating thereto control.
The United States Supreme Court has had the opportunity of passing on the question of prescription affecting judgments rendered in one State when such judgments were sought to be enforced in another State and has consistently held that there was no direct constitutional inhibition upon the states nor any clause in the Constitution of the United States from which it can be plausibly inferred that the states may not legislate upon the remedy in suits upon judgments of the other states, holding that the effect intended to be given under Art. IV, Section 1, United States Constitution, to judgments is that they are conclusive only as regards the merits and that the statute of limitation of the state wherein the foreign judgment is attempted to be enforced governs and a suit on such judgment being remedial must be brought within the period prescribed by the local law, or the suit will be barred. Bacon v. Howard, 20 How. 22, 25, 15 L.Ed. 811; McElmoyle v. Cohen, 13 Pet. 312, 10 L.Ed. 177; Bank of State of Alabama v. Dalton, 9 How. 522, 527, 13 L.Ed. 242; Great Western Tel. Co. v. Purdy, 162 U.S. 329, 16 S.Ct. 810, 40 L.Ed. 986; Christmas v. Russell, 5 Wall. 290, 301, 18 L.Ed. 475.
In the case of Roper v. Monroe Gro. Co., 171 La. 181, 188,129 So. 811, 814, 75 A.L.R. 197, the Supreme Court of this state decided that in Louisiana we have two articles of our Civil Code and one section of the Revised Statutes relating to prescription affecting foreign judgments, that is, Civil Code Article 3547, which provides that "All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments," holding that this article is applicable to a judgment rendered in any state in which the statute of limitation makes the term longer than ten years, and Civil Code, Article 3532, together with Section 2808 of the Revised Statutes (Dart's Louisiana General Statutes, Sec. 2047), which provides for a case where the right of recovery on a judgment rendered in another state is limited by the law of that state to a time shorter than the prescription of ten years as established by Civil Code, Article 3547. However, since the rendition of this decision, the Legislature amended Article 3547 by inserting a clause in the first sentence of the said article which provides that no prescribed out of state judgment will be enforced, thus making it clear, as to out of state judgments, that while in Louisiana the ten year period might have the effect of shortening the life of a foreign judgment, it will in no case be applied to lengthen it.
The Court had under consideration a plea of prescription which was shorter than ten years as provided for by Article 3547, and said: "It was decided in McElmoyle v. Cohen, 13 Pet. 312, 10 L.Ed. 177, and is universally recognized, that a state may, without violating the full faith and credit clause, in limiting the time within which an action may be brought on a *Page 462 
judgment rendered in another state, make the time shorter than the time allowed by the law of the state in which the judgment was rendered."
After quoting copiously from the McElmoyle case, supra, the court held that "in a suit brought in this state on a judgment rendered in another state, * * * it is the law of Louisiana that determines whether the right of action is barred by prescription."
It is well settled in Louisiana that Article 3547 provides the only method by which a judgment creditor may prevent his judgment from prescribing or expiring, that is, by filing suit to revive at any time before it is prescribed. Bailey v. Louisiana N.W. Ry. Co. et al., 159 La. 576, 105 So. 626; Jahncke, Inc., v. Fidelity Deposit Co., 172 La. 704, 135 So. 32. Issuing writs of execution or other ex parte orders will not suffice. McDaniel v. Smith, 13 La.App. 61, 127 So. 108, Jahncke, Inc., v. Fidelity Co., supra.
In the case of White v. Davis, 174 La. 390, 141 So. 6, 7, the Supreme Court had under consideration a case involving the same issue as the present case, that is, whether or not a money judgment rendered by a court of another state can be executed in this state when more than ten years have elapsed since its rendition and where said judgment has not been revived by a judgment rendered contradictorily with the party against whom it is sought to use it, although said judgment might still be executory in the state in which it was rendered. The facts in that case, even the state in which the judgment was rendered, are the same as in our case.
In that case, the Supreme Court, after quoting from several cases decided by it, amongst which is the Roper case, supra, and the case of McElmoyle v. Cohen, supra, said:
"As Louisiana has a right to determine when a foreign judgment shall become prescribed and no longer executory within its limits, it follows that it alone can determine under what circumstances such prescription may be avoided. And that is what Louisiana has done by Rev.Civ. Code, art. 3547. It has there provided that all judgments, domestic or foreign, shall be prescribed in ten years from the time of rendition, and shall not thereafter be executory in this state unless revived contradictorily with the party against whom one proposes to use it.
"The judgment herein sought to be executed was never revived contradictorily with this defendant. It may (it seems) still be executed in the state of Texas under the laws of that state, owing to certain ex parte proceedings had in that state; but those ex parte proceedings are of no avail to extend the period of prescription here."
It is our opinion that this case is decisive of the issue of the plea of prescription pleaded under Article 3547 of our Civil Code, and is conclusive on the question of the full faith and credit clause, Art. IV, Sec. 1 of the United States Constitution.
Plaintiff, in his brief and in oral argument, primarily relies on the case of Richardson v. Helis, 192 La. 856, 189 So. 454. This case is inapposite to the case at bar. In that case, it was contended that the action had prescribed under the laws of California. Under the California law, it seems that the party in whose favor a judgment is rendered has five years from the date of its entry in which to have a writ of execution issued for its enforcement. However, under the California statute, it is also provided the five year prescriptive period is suspended during whatever time the defendant is absent from that state. The judgment sought to be recognized and enforced had been rendered or obtained on October 9, 1929, and the proceedings thereunder were instituted on October 18, 1935. Ten years not having elapsed, the judgment was not prescribed under Article 3547, but would not be enforceable in this state if prescribed under the laws of California. Thus the issue presented to the Supreme Court was the question of whether it was enforceable in California and not whether it was prescribed under our laws. The Court then went on to consider the validity of the judgment rendered in California, and after holding it to be a valid judgment, further held that the judgment was entitled to full faith, effect and credit in Louisiana. Such is not the case at bar. The prescriptive period at issue is the prescriptive period of ten years as provided for by Article 3547 of our Code and not the prescriptive period of the State of Texas.
In conclusion, it is our opinion that the law of this State is that a judgment, whether rendered in this State or in any other state, and not revived by a suit against the defendant, is prescribed by ten years; and it will not permit an action on a judgment rendered in another state where that *Page 463 
judgment on its face shows that it was rendered more than ten years prior to the institution of the action in this State and that no proceedings have been had contradictorily with the judgment debtor to revive the same, the mere ex parte proceedings by the issuance of writs of execution not being sufficient in this State to interrupt the running of prescription; and that such law is not failing to give full faith and credit to the laws and judgments of that state and its courts and derogatory to Art. IV, Sec. 1 of the United States Constitution.
For the reasons assigned, the judgment appealed from is affirmed.