360 So.2d 645 (1978)
Linda BRODAY, Plaintiff-Appellant,
v.
William S. BRODAY, Defendant-Appellee.
No. 6533.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
*646 Watson, Murchison, Crews & Arthur, R. Raymond Arthur, Natchitoches, for plaintiff-appellant.
John S. Stephens, Coushatta, for defendant-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
CUTRER, Judge.
This action involves a suit by plaintiff to have a California judgment for arrearages of maintenance and support recognized and made enforceable in this state. Defendant filed exceptions of no right of action and prescription. The trial court overruled the no right exception but rendered a judgment sustaining defendant's plea of 3-year prescription. From a refusal of a new trial application, plaintiff appeals.
The evidence reveals that divorce proceedings were instituted between the parties in the Superior Court of the State of California for the County of San Diego in the matter entitled "In re the marriage of Linda Broday and William S. Broday, Docket No. 257,003". The California court ordered that, beginning in August, 1962, the defendant was to pay to plaintiff the sum of $1,000 per month for maintenance and support plus attorney's fees and costs. Upon defendant's failure to pay these amounts, plaintiff, in 1976, sought a judgment in the same California court to fix arrearages. In a judgment dated December 6, 1976, the California court, after finding personal service on the defendant, affixed arrearages in the amount of $245,813.32. In April, 1977, plaintiff filed suit in Louisiana seeking to have this California judgment recognized and enforceable as a Louisiana judgment.
The plaintiff argues in this appeal that the trial court erred by sustaining defendant's exception of prescription based on the three-year prescriptive period for alimony arrearages under LSA-C.C. Article 3538. Plaintiff contends that the 1976 California judgment fixing arrearages for maintenance and support payments is entitled to full faith and credit in this state. The defendant, on the other hand, contends that prescription is a remedial action governed by the law of this state, and that Louisiana's application of its three-year prescriptive period on actions for alimony arrearages does not violate the Full Faith and Credit Clause of the U. S. Constitution.
The trial judge sustained defendant's exception of prescription, based on LSA-C.C. Article 3538, saying that he accepted the testimony of defendant that he had never paid any of the alimony ordered by the California court on August 8, 1962. In denying *647 plaintiff's motion for a new trial, the trial court relied on the case of Lawyers Title Services, Inc. v. Boyle, 308 So.2d 479 (La.App. 4th Cir. 1975).
LSA-C.C. Article 3538 provides that actions for arrearages of alimony prescribe in three years. The term "arrearages of alimony", as used in the above article, refers to the amount becoming due after alimony payments have been fixed by the court. Miller v. Miller, 207 La. 43, 20 So.2d 419 (La.1944).
U.S.Const. art. IV, § 1 requires the states to give full faith and credit to final judgments of their sister states. Although we find no Louisiana cases nor has counsel cited any Louisiana cases wherein the cause of action sued upon was barred by statutes of limitation under the law of the state where the judgment was sought to be enforced, at least one U. S. Supreme Court decision has dealt with the constitutional requirements of full faith and credit in a similar situation. In Christmas v. Russell, 5 Wall. 290, 18 L.Ed. 475 (1866), the defendant who was a resident of Mississippi issued a promissory note in that state in 1840. Mississippi law provided that actions to enforce promissory notes prescribed after six years. In 1853, the defendant went to Kentucky and was sued based upon the note. Defendant was served with process, defended the suit, and judgment was rendered in Kentucky in favor of the plaintiff for the amount of the note. In 1854 the plaintiff instituted suit in Mississippi to enforce the Kentucky judgment. Defendant, among other pleas, defended on the basis that the promissory note, at the commencement of the suit in Kentucky, was barred by the Mississippi statute of limitations. Defendant further argued that a Mississippi statute provided that judgments recovered in other states against Mississippi citizens shall not be enforced in Mississippi courts if the cause of action which was the foundation of the judgment would have been barred in Mississippi by her statute of limitations. The U. S. Supreme Court found that the Mississippi statute could not affect the right of the plaintiff to enforce a valid Kentucky judgment. The Supreme Court held that it was not competent for any other state to authorize its courts to open the merits and review the cause of action or to enact a provision that such judgment shall not receive the same full faith and credit that by law it had in the state court from which it came.
Other U. S. Supreme Court decisions have required states to give full faith and credit to judgments of sister states even though the cause of action upon which the judgment was based was not recognized or was against public policy in the foreign state. See Kenney v. Supreme Lodge of the World, Loyal Order of Moose, 252 U.S. 411, 40 S.Ct. 371, and 64 L.Ed. 638 (1920) (an Alabama judgment in a death action was enforceable in Illinois even though such an action could not have been originally brought in Illinois under its statutes), and Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908) (a Missouri judgment on a gambling contract was enforceable in Mississippi, even though Mississippi prohibited such suits in its courts).
In the area of recognition of foreign judgments concerning alimony and child support, it is the general rule that such judgments are entitled to full faith and credit as to accrued installments where these are not subject to modification at the discretion of the court under the law of the state rendering the judgment. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); Weston v. Weston, 177 La. 305, 148 So. 241 (La.1933); Baldwin v. Baldwin, 337 So.2d 245 (La.App. 3rd Cir. 1976); Folds v. Folds, 160 So.2d 251 (La.App. 2nd Cir. 1964); and Devore v. Devore, 172 So.2d 923 (La.App. 4th Cir. 1965), writ refused 247 La. 1015, 175 So.2d 301 (1965). Defendant herein does not complain that the California judgment fixing alimony arrearages was subject to modification.
Defendant contends that the cases of Lawyers Title Services, Inc. v. Boyle, supra, and Park v. Markley, 17 So.2d 459 (La.App. 1st Cir. 1944), rehearing refused, 18 So.2d *648 73 (1944), are dispositive of the issue before this court. The Lawyers Title Services, Inc. case involved a situation where plaintiff was attempting to make a 1961 Florida money judgment executory in Louisiana by filing suit here in 1974. The Florida judgment, under Florida law, was enforceable for 20 years, while under Louisiana law, such judgments were not enforceable after 10 years. The Fourth Circuit applied the 10-year Louisiana prescriptive period and dismissed plaintiff's suit despite the Full Faith and Credit Clause of the United States Constitution. In Park, a judgment creditor brought suit in Louisiana in 1940 to have a 1923 Texas judgment recognized in Louisiana. The First Circuit, in affirming the trial court's dismissal of the suit, applied the Louisiana 10-year prescriptive period on judgments and stated that such action did not violate the requirements of full faith and credit.
Park and Lawyers Title are readily distinguishable from the case at hand. Those cases involved judgments which were more than 10 years old and thus prescribed under the provisions of LSA-C.C. 3547. The courts in those cases were concerned with whether the judgment itself had prescribed. They were not ruling on a prescriptive period that would go to the merits of the original out-of-state suit. In the case at hand, no judgment prescriptive period is applicable as this is a 1976 California judgment sought to be enforced in Louisiana the following year.
The trial court, by applying Louisiana's 3-year prescriptive period on actions for alimony arrearages, effectively relitigated the merits of the California judgment. The Full Faith and Credit Clause contained in U.S.Const. art. IV, § 1 requires, with very few exceptions,[1] that sister states not relitigate the merits of a foreign judgment.
In the court below, defendant also contended that the California judgment was not entitled to full faith and credit as that court had no personal jurisdiction over the defendant. The issue of lack of jurisdiction of the California court was raised by an exception designated as "No Right of Action" which stated as follows:
"That petitioner has no right of action herein in that the California court rendering the judgment upon which petitioner bases this action had no jurisdiction ratione personae over Exceptor in that he was not a resident when suit was filed in California or when the judgment was rendered.[2]
The issue of lack of jurisdiction of the California court raised by the exception was tried wherein testimony was presented and a copy of the California proceeding was filed. The trial judge found that the California court had jurisdiction and the exception was overruled.
The method used in presenting the issue of lack of jurisdiction raises procedural questions, but under the particular circumstances present we conclude that a resolution exists.
Defendant's exception was improperly labeled "No Right of Action". The exception does not urge either lack of interest or lack of capacity in the plaintiff to file this suit, and these are the only objections which should be raised in the exception of no right of action. See LSA-C.C.P. Article 927 and the Official Comments thereunder.
Lack of jurisdiction of the California court to render the judgment against the defendant is a defense to the merits of this suit filed by the plaintiff under LSA-C.C.P. Article 2541 to have the California judgment recognized and made the judgment of the Louisiana court. Such a defense should be raised by answer to plaintiff's petition and should be tried on the merits. The record in the present case shows that after *649 the exception of "No Right of Action" was tried the defendant did file an answer in which he reurged his defense that the California court lacked jurisdiction.
In the interest of judicial economy, we will apply the rule that the courts may treat pleadings as what they are, rather than what counsel labels them. Davis v. Southern Farm Bureau Casualty Insurance Company, 324 So.2d 468 (3rd Cir. 1975), and the cases cited therein; LSA-C.C.P. Articles 865 and 5051. In the present case, we will treat defendant's exception of "No Right of Action" as an answer alleging the defense to the merits that the California court lacked jurisdiction. We will treat the evidence introduced at the hearing on the exception of "No Right of Action" as evidence introduced on the merits. Both parties had a full opportunity to introduce all of the evidence they desired on the issue, and it would, therefore, be repetitious and unnecessary to remand this case for another trial on the merits.
Furthermore, although the issue of the California court's jurisdiction was not argued by defendant on appeal, we conclude that we should, in the interest of justice, consider this issue. LSA-C.C.P. Article 2164 authorizes the appellate court to render any judgment which is just, legal and proper upon the record on appeal.
The record reflects that in 1962 an interlocutory judgment of dissolution was granted by the California court. This judgment expressly reserved jurisdiction to award plaintiff alimony. In August, 1962, the California court awarded plaintiff alimony. In this latter judgment, the court found that defendant was a resident of California at the time the cause of action arose and was personally served with a copy of the pleadings. Noting that the interlocutory judgment had expressly reserved jurisdiction to award alimony, the court found that in personam jurisdiction had been obtained over the defendant. The 1976 judgment for arrearages revealed that there was personal service on the defendant.
In this case defendants presented no evidence to show what the law of California was on this issue. Therefore, we apply the well-established presumption that the applicable foreign law is the same as the law of our own state on the subject matter in question. Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678 (La.1949); Cambre v. St. Paul Fire & Marine Insurance Company, 331 So.2d 585 (La.App. 1st Cir. 1976); writs denied, 334 So.2d 434, 435 (1976); and Johnson v. McCorvey, 344 So.2d 448 (La.App. 2nd Cir. 1977).
Louisiana courts have recognized the continuing jurisdiction concept in child support and alimony matters where an increase or modification of the award is desired against the non-resident defendant. Under this theory, the court having jurisdiction to grant such an award retains jurisdiction over the non-resident defendant to modify the award or to enter an award for arrearages. See Imperial v. Hardy, 302 So.2d 5 (La.1974); Heaton v. Garvin, 314 So.2d 363 (La.App. 3rd Cir. 1975); Anthony v. Anthony, 288 So.2d 694 (La.App. 4th Cir. 1974); Dupre v. Guillory, 216 So.2d 327 (La.App. 3rd Cir. 1968); and Webb v. Webb, 357 So.2d 1288 (La.App. 3rd Cir. 1978).
Applying the above rules of law to the facts of this case, we find that the California court had personal jurisdiction over the defendant to render the judgment herein sought to be recognized, and that the plaintiff is entitled to have the California judgment recognized and made the judgment of the Louisiana court.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff and against the defendant recognizing the hereinabove described California judgment and making that judgment the judgment of the Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana. All costs in the trial court as well as the costs of this appeal are assessed against the defendant.
REVERSED AND RENDERED.
NOTES
[1] Two of the most notable exceptions are where the foreign state whose judgment is sought to be enforced lacks jurisdiction and where the foreign judgment is procured through fraud.
[2] The defendant also reurged this exception as a defense in his answer which was filed later.