371 So.2d 1292 (1979)
Ernest MARQUIS, Plaintiff-Appellant,
v.
Dr. Francisco CANTU et al., Defendants-Appellees.
No. 7013.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1293 Bertand & Soileau, James E. Marchand and Charles E. Soileau, Rayne, for plaintiff-appellant.
C. Brent Coreil, Ville Platte, for defendants-appellees.
Before WATSON, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a malpractice suit filed by the plaintiff, Ernest Marquis, against several defendants. The issue presented herein is:
Did the trial judge err in sustaining an exception of no right of action filed on behalf of one of the defendants, namely Dr. Henry Dupre?
The facts of this case as alleged in plaintiff's petition are briefly stated as follows. The plaintiff was injured in a plane crash which occurred August 21, 1977. Plaintiff was admitted to the Ville Platte General Hospital for treatment of his injuries later that day. Plaintiff was complaining of pain in the cervical spine region of his body. Plaintiff avers that several doctors, including appellees and the hospital were negligent in failing to properly diagnose his particular injuries, causing him to suffer substantial pain.
Defendant-appellee, Dr. Henry Dupre, filed an exception. This exception was styled as an exception of no cause or right of action and reads as follows:

PEREMPTORY EXCEPTION OF NO CAUSE OR RIGHT OF ACTION
NOW INTO COURT, through undersigned counsel, comes the defendant, DR. HENRY DUPRE, M.D., when appearing solely for the purpose of this Exception, respectfully states that the allegations contained in Plaintiff's petition are incorrect; that he has never treated Plaintiff; that he has never seen Plaintiff nor prescribed any medication in regards to his treatment; that he never discharged Plaintiff, nor had any contact whatsoever with Plaintiff, and therefore, Defendant request that this exception be maintained, and accordingly that there be Judgment of Dismissal, dismissing him from this law suit, and [sic] plaintiff's costs.
*1294 EXCEPTION OF NO CAUSE OF ACTION
The exception of no cause of action has apparently never been heard by the trial court and is not involved in this appeal.[1]
EXCEPTION OF NO RIGHT OF ACTION
Without giving written reasons for judgment the trial court sustained Dr. Henry Dupre's exception of no right of action. In this appeal plaintiff has appealed from that ruling.
The basis of Dr. Dupre's exception of no right of action is his assertion that he has never treated the plaintiff nor ever had any contact with the plaintiff whatsoever. In support of this assertion, plaintiff introduced at the trial of the exception a deposition given by the plaintiff in a related case and adduced testimony of Dr. Dupre. In his deposition, plaintiff admitted that he had never seen Dr. Dupre and did not know who the doctor was. Dr. Dupre, who was the only witness at the trial of the exception, testified that he did not know the plaintiff, Ernest Marquis, and had never treated him.
It is clear that the trial court erred. What Dr. Dupre urges and the evidence tends to show is a defense to the merits of the suit. The issues thus raised must be either tried on the merits or on motion for summary judgment. The exception of no right of action is not applicable. Plaintiff has attempted to utilize the exception of no right of action provided for in LSA-C.C.P. art. 927 (see paragraph 5 of the Comment thereunder) in the manner of a motion for summary judgment as provided in LSA-C.C.P. art. 966.
The sole purpose of the peremptory exception of no right of action is to challenge the plaintiff's interest in the subject matter of the suit or his legal capacity to proceed with the suit. Broday v. Broday, 360 So.2d 645 (La.App. 3rd Cir. 1978); Davis v. Southern Farm Bureau Casualty Ins. Co., 324 So.2d 468 (La.App. 3rd Cir. 1975); Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir. 1975). The asserted defense is one that goes to the merits of the case and it is improper to assert an affirmative defense through the means of peremptory exception. Alside Supply Co. v. Ramsey, 306 So.2d 762 (La.App. 4th Cir. 1975); Watkins v. Louisiana High School Athletic Association, 301 So.2d 695 (La.App. 3rd Cir. 1974).
In view of our decision to grant the plaintiff the relief which he seeks on appeal, it is unnecessary to consider the issue of the admissibility of the plaintiff's deposition.
For the foregoing reasons, the judgment of the district court sustaining the exception of no right of action filed on behalf of defendant, Dr. Henry Dupre, is reversed and the above mentioned exception is overruled. The case is remanded for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] Although the exception is styled as both no cause or right of action, the minute entry covering the hearing on the exception (Tr. 1), the reporter's styling of the note of evidence, (Tr. 54), and the judgment rendered and appealed from (Tr. 37) show that only the exception of no right of action was ruled on. Also, the exchange between counsel and the court as recorded in the transcript of the record (Tr. 60) show that the exception of no right of action only was taken up at the hearing.