419 So.2d 999 (1982)
John W. CARPENTER
v.
Bonnie Bagert CARPENTER.
No. 13050.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1982.
*1000 Chris M. Evans, Matthew H. Greenbaum, Fawer & Greenbaum, New Orleans, for plaintiff-appellee.
Bruce G. Reed, J. D., Reed & Reed, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and LOBRANO, JJ.
KLEES, Judge.
Defendant-appellant (Mrs. Carpenter) appeals from three separate orders rendered in the Civil District Court for the Parish of Orleans. Pursuant to litigation in the District Court for the County of Tulsa, Oklahoma, that Court on April 4, 1979 rendered a money judgment in favor of the plaintiff-appellee (Mr. Carpenter) and against Mrs. Carpenter consisting of $14,215.21 in attorney's fees and expenses. Thereafter, on March 18, 1980 Mr. Carpenter applied for and received a Writ of Attachment against certain immovable property owned by Mrs. Carpenter in Orleans Parish. That money judgment was recognized by the Civil District Court for Orleans Parish on June 30, 1981.
Mrs. Carpenter filed a motion to dissolve said Writ and, following a hearing on this matter, the District Court rendered a judgment on March 13, 1981 denying Mrs. Carpenter's motion. Mrs. Carpenter then filed a motion for a new trial on the merits of the March 13, 1981 judgment, but the motion was denied on May 20, 1981. This appeal follows suggesting to this Court that the District Court's orders of March 13, 1981, May 20, 1981 and June 30, 1981 respectively, be overturned.
FACTS
The facts of this case are undisputed. On April 6, 1968, Mr. & Mrs. Carpenter were married in New Orleans, Louisiana, and one child was born of that marriage, Elizabeth.
*1001 On April 26, 1977, Mr. & Mrs. Carpenter were divorced in the state of New Jersey, and Mrs. Carpenter was awarded custody of Elizabeth.
On July 21, 1978, Mr. Carpenter, now living and working in Oklahoma, applied to the District Court for Tulsa County for the temporary custody of his minor child. Mrs. Carpenter consented to this application and signed the Court's order awarding the care and custody of Elizabeth to Mr. Carpenter for the period running from July 15, 1978 to June 15, 1979.
However, on November 11, 1978, Mrs. Carpenter took her daughter from the playground of her school in Tulsa, Oklahoma and returned with Elizabeth to New Orleans. As a result of this, Mr. Carpenter filed a Writ of Habeas Corpus in Orleans Parish seeking the return of his minor child. On January 3, 1979, the Trial Court ordered that the Oklahoma custody modification of July 21, 1978 be recognized and that Mrs. Carpenter return Elizabeth to the father.
On March 19, 1979, Mr. Carpenter filed a motion in the District Court of Tulsa County seeking to modify the July 21, 1978 order of that court. He applied for a contempt citation against Mrs. Carpenter and he also sought the permanent care and custody of Elizabeth. Mrs. Carpenter was personally served by a private process server appointed by the Oklahoma District Court, and on April 4, 1979, the court modified the New Jersey divorce decree and its own previous order of July 21, 1978. The court gave permanent custody of Elizabeth to Mr. Carpenter and also awarded a money judgment of $12,040.21 to Mr. Carpenter for the expenses and attorney fees he incurred seeking to enforce his custody rights.
On March 18, 1980, Mr. Carpenter filed a petition in the Civil District Court for Orleans Parish seeking to have the foreign money judgment recognized by the Court. He also sought a Writ of Attachment to protect his interest in the judgment, and the Writ was granted by the court. Mrs. Carpenter then moved to dissolve the attachment, but on March 13, 1981, her motion to dissolve the writ was denied. She then filed a motion for a new trial, and this motion was denied on May 20, 1981.
Finally, Mrs. Carpenter filed a peremptory exception to Mr. Carpenter's petition to have the Oklahoma money judgment made executory alleging that the foreign court lacked personal jurisdiction over her. This exception was denied by the trial court on June 30, 1981.
Mrs. Carpenter now appeals three separate orders rendered by the Civil District Court for the Parish of Orleans. First, she appeals from the March 13, 1981 order which denied her motion to dissolve the writ of attachment. Secondly, she appeals from the May 20, 1981 denial of her motion for a new trial. Finally, she appeals the June 30, 1981 judgment which denied her peremptory exception challenging the personal jurisdiction of the Oklahoma court to render a money judgment against her.
MOTION TO DISSOLVE THE WRIT OF ATTACHMENT
A judgment dissolving a writ of attachment has been held to be an appealable interlocutory judgment. Pittman v. Lilly, 197 La. 233, 1 So.2d 88 (1941) and cases cited therein. However, an order denying a motion to dissolve a writ of attachment cannot be appealed prior to a disposition on the merits of the case.
There is an exception to the basic rule stated above. If the motion to dissolve the attachment is accompanied by an incidental demand for damages for wrongful issuance of the writ, then even an order denying the motion is appealable. Stahlman Lumber Co. v. Ferrill, 320 So.2d 331 (La.App. 3rd Cir. 1975), Smith v. Utility and Maintenance Contractors of America, Inc., 301 So.2d 906 (La.App. 2nd Cir. 1974). In this case Mrs. Carpenter sought only the dissolution of the writ of attachment and did not ask for damages.
Accordingly, we find the trial court's denial of the motion to dissolve the writ of attachment an interlocutory decree which does not cause irreparable injury and dismiss this portion of the appeal.
*1002 MOTION FOR A NEW TRIAL
The Motion for a New Trial was predicated upon the trial court's denial of Mrs. Carpenter's motion to dissolve the writ of attachment. As we have found the judgment denying the motion is not appealable, then the motion for a new trial becomes moot. Accordingly, we dismiss this portion of the appeal.
OKLAHOMA MONEY JUDGMENT
It is well settled that in a suit for recognition of a foreign judgment, the only issue of the foreign proceeding which a Louisiana court may concern itself with is the question of domicile and jurisdiction over the parties and issues. Biri v. Biri, 192 So.2d 862 (La.App. 4th Cir. 1966). Thus, the issue of jurisdiction of the foreign court goes to the merits of the suit for recognition in Louisiana. Handling of the matter by exception is therefore, in the technical sense, improper. Rice v. Kliebert, 330 So.2d 374 (La.App. 4th Cir. 1976). A similar issue was presented in Broday v. Broday, 360 So.2d 645 (La.App. 3rd Cir. 1978). In Broday the issue of jurisdiction of a California court was raised by an exception of "No Right of Action"; there the court noted at pg. 648:
"Lack of jurisdiction of the California court to render the judgment against the defendant is a defense to the merits of this suit filed by the plaintiff under LSA-C.C.P. Art. 2541 to have the California judgment recognized and made the judgment of the Louisiana court. Such a defense should be raised by answer to plaintiff's petition and should be tried on the merits. The record in the present case shows that after the exception of `No Right of Action' was tried the defendant did file an answer in which he reurged his defense that the California court lacked jurisdiction."
As sufficient testimony was adduced at the hearing on the exception to allow the Appellate court to treat the evidence introduced as evidence on the merits they found it unnecessary to remand for another trial on the merits.
In the instant case, no answer has been filed asserting the defense to the merits that the Oklahoma Court lacked jurisdiction, and no substantive evidence has been introduced. Thus we can not, as in Broday, supra, treat defendant's exceptions as an answer, but both parties should be allowed to present evidence on the jurisdiction question.
There is an additional procedural problem concerning the recognition of the Oklahoma money judgment. La.-C.C.P. Art. 2541 requires that the recognition by a Louisiana Court of a foreign judgment be decreed via ordinary proceedings. The exception in the District Court was handled in a summary manner.
The case of Le Jeune v. Le Jeune, 310 So.2d 655 (La.App. 1st Cir. 1975) supports a strict construction of the above cited article. It states at pg. 656:
"This recognition [of a foreign judgment] must be sought through ordinary proceedings and finalized by a judgment of the court. Any proceeding which circumvents this procedure is fatally defective."
Mr. Carpenter contends that Mrs. Carpenter was given an opportunity to fully litigate the issue of jurisdiction. To support this contention, he relies heavily on Allenberg Cotton Company, Inc. v. Stacy, 384 So.2d 514 (La.App. 2nd Cir. 1980). However, the Allenberg case can be distinguished from the one at bar. In Allenberg, the defendant raised the issue of jurisdiction in the foreign court (emphasis added) and was afforded an opportunity by that court to litigate the issue. Here, the defendant did not raise the issue of jurisdiction in the foreign (Oklahoma) court. Mrs. Carpenter never did file an exception in the Tulsa County District Court objecting to the jurisdiction and the matter has never been properly litigated.
We must therefore remand this matter to the trial court with instructions that Mrs. Carpenter be allowed to answer this petition and proceed to trial on the merits.
Accordingly, for the reasons expressed herein:
*1003 1) The appeal from the judgment of March 13, 1981 denying the motion to dissolve is hereby dismissed.
2) The appeal from the judgment of May 20, 1981 denying the motion for new trial is hereby dismissed.
3) The judgment of June 30, 1981 denying the peremptory exception of jurisdiction and recognizing the judgment of the Court of Tulsa County Oklahoma No. JFCS78-067 rendered May 15, 1979 is reversed and this matter is hereby remanded to the trial court to permit appellantMrs. Carpenter to answer this petition and proceed to trial on the merits.
Costs to await final disposition in this matter.
DISMISSED IN PART, REVERSED IN PART AND REMANDED.