MOTION TO DISMISS
STOKER, Judge.
The plaintiff-appellees, Jacob J. Daniels and Yvonne Daniels, move to dismiss in *618 part, the devolutive appeal of the defendant-appellant, Lynn Chandler, on the ground that the appeal was untimely filed.
In July of 1985, the plaintiffs filed suit seeking to collect four thousand four hundred and no/100 dollars ($4,400.00) from the defendant-appellant. In conjunction with the suit, a pickup truck owned by Lynn Chandler, the appellant, was seized as it was pledged as security to the plaintiffs. The appellant sought to dissolve the writ of sequestration, and prayed for damages and attorney fees. The trial court held a hearing on August 5, 1985, and signed a judgment on October 3,1985 denying the appellant’s motion to dissolve writ of sequestration, damages, and attorney’s fees.
The trial on the merits was held, and a judgment signed on September 25, 1986 condemned Lynn Chandler to pay the plaintiffs four thousand four hundred and no/100 dollars ($4,400.00) plus interest.
On November 3, 1986, the trial court signed an order of appeal in which the appellant, in his motion for appeal, states that review is sought of a judgment signed on September 25, 1986, and the “interlocutory judgment rendered on May 27, 1985, and signed on October 3,1985.”
The plaintiffs-appellees filed the instant motion to dismiss on the grounds the judgment signed on October 3, 1985 is a final judgment for which all delays for appealing have lapsed.
LSA-C.C.P. Art. 2087 provides in part: “Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) the expiration of the delay for applying for a new trial, as provided by article 1974, if no application has been timely filed ...
LSA-C.C.P. Article 1974 provides in part: “The delay for applying for a new trial shall be seven days exclusive of legal holidays ... this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required ... the delay for applying for a new trial commences to run on the day after the clerk has mailed ... the notice of judgment as required by Article 1913.”
Notice was mailed on October 3, 1985, as the record contains the Clerk of Court’s certificate indicating such, therefore, the sixty day delay began on October 15, 1985, which is one day after the seven days exclusive of legal holidays from the mailing of notice by the Clerk of Court had run. The motion for appeal, filed on October 30, 1986, is long past the sixty day delay period within which to appeal.
The appellant’s error lies in the fact that he believed the judgment denying the dissolution of the writ of sequestration, damages, and attorney fees, was an interlocutory order, when in fact it is a final appeal-able judgment, on the issue of the defendant’s right to damages and attorney’s fees for its wrongful issuance. See Stahlman Lumber Co.-Division of Staco Mfg. Co. v. Ferrill, 320 So.2d 331 (La.App. 3 Cir.1975), Carpenter v. Carpenter, 419 So.2d 999 (La.App. 4th Cir.1982). Bowers v. Greene, 386 So.2d 920 (La.App. 3rd Cir.1980). As the appellant failed to timely perfect an appeal from the judgment denying the dissolution of the writ of sequestration, damages, and attorney fees, signed on October 3, 1985, the part of the appellant’s appeal pending before this court seeking review of that judgment, insofar as it denied defendant’s entitlement to damages for attorney’s fees.
APPEAL DISMISSED IN PART.