YELVERTON, Judge.
MOTION TO DISMISS
Appellee, JoAnn Carter Hornsby, individually and as executrix of the succession of Lucius A. Hornsby, Jr., moves to dismiss the appeal of appellant, Ashton J. Landry, insofar as it pertains to the judgment sustaining appellee’s exception of no cause or no right of action which was filed in response to appellant’s motion to dissolve • sequestration order and damages for wrongful seizure on the ground that the judgment is a non-appealable interlocutory judgment.
The instant suit involves the liquidation of the Hornsby and Landry law partnership. Appellee filed a petition for judicial sequestration requesting the court to seize an asset of the firm of Hornsby and Landry, namely, the fees due the firm in the case of “Mary Knott Guidry, et al v. Frank J. Guidry Oil Co., Inc., and Exxon Oil Corp.”.
A writ of sequestration was issued directing the sheriff of Lafayette Parish to sequester the fee. Appellant filed a motion to dissolve sequestration order and damages for wrongful seizure. Appellee responded by filing an exception of no cause or right of action to motion to dissolve sequestration order and damages for wrongful seizure.
The trial judge sustained appellee’s exception or no cause or right of action. Ap *864 pellant appealed from the judgment sustaining the exception of no cause or no right of action. Appellee filed this motion to dismiss seeking dismissal of the appeal insofar as it pertains to the judgment sustaining the exception of no cause or right of action on the grounds the judgment is a non-appealable interlocutory judgment.
In Daniels v. Chandler, 502 So.2d 617 (La.App. 3rd 1987) the appellant appealed, in part, from a judgment denying appellant’s motion to dissolve a writ of sequestration, damages, and attorney’s fees. This Court in Daniels, supra stated such judgment was a final appealable judgment, on the issue of the defendant’s right to damages and attorney’s fees for wrongful-issuance of the writ of sequestration. Although the judgment appealed from in the instant case sustained an exception of no cause or no right of action to the motion to dissolve the sequestration and for damages for wrongful seizure, the effect is a denial of appellant’s motion to dissolve the se-question and damages for wrongful seizure. Therefore, under the authority of Daniels, supra, appellee's motion to dismiss is denied insofar as the judgment denies appellant’s claim for damages for wrongful seizure. Appellee’s motion to. dismiss is granted as to the portion of the judgment which in effect denies appellant’s motion to dissolve the sequestration.
MOTION DENIED IN PART AND GRANTED IN PART.