428 So.2d 1187 (1983)
In the Matter of the Liquidation of KENILWORTH INSURANCE COMPANY.
No. 82-CA-93.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Rehearing Denied April 18, 1983.
*1188 Bach & Wasserman, Sidney M. Bach, New Orleans, for Philip R. O'Connor, Director of Ins. for the State of Ill., Liquidator of Kenilworth Ins. Co., appellant.
Lozes & Lozes, Felicien P. Lozes, New Orleans, for Organ & Co., Inc., intervenor-appellee.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CHEHARDY, Judge.
This case is before us on appeal from the granting of a preliminary injunction, enjoining the release of funds seized pursuant to an Illinois judgment. That judgment had been recognized by the 24th Judicial District Court pursuant to LSA-C.C.P. art. 2541.[1] We affirm the preliminary injunction for the reasons set forth below.
By order of the Circuit Court of Cook County, Illinois, dated April 20,1982, Kenilworth Insurance Company was found insolvent and was ordered to be liquidated. The Director of Insurance for the State of Illinois was made liquidator and was ordered to take possession of the property, business and affairs of the company. The judgment also provided, in pertinent part:
"C. That the Director has the right, title and interest in all funds recoverable under treaties and agreements of reinsurance heretofore entered into by the Company as the ceding insurer, and that all reinsurance companies involved with the Company be and the same hereby are restrained from making any settlements with any claimant or policyholder other than the Director as Liquidator.
"D. That all banks, brokerage houses, agents, reinsurers or other companies or persons having in their possession assets which are or may be the property of the Company are enjoined from disposing of such assets or destroying any records pertaining to any business transaction between the Company and banks, brokerage houses or other persons or companies having done business with the Company or having in their possession assets which are or were the property of the Company.
"E. That all agents and brokers of the Company are enjoined from returning any unearned premiums, or any money in their possession collected for premiums or enrollment contributions to policyholders (subscribers) and that said agents and brokers are directed to turn over all such funds in their possession to the Director of Insurance of the State of Illinois.
"F. That all persons be and are hereby enjoined and restrained from asserting any claim against the Director, as Liquidator, arising out of or in connection with these liquidation proceedings, or the Company, except insofar as such claims are *1189 brought in liquidation proceedings of the Company.
"G. That all persons, including policyholders of the Company and all persons asserting claims against such policyholders, be and are hereby enjoined from instituting or pursuing any action or proceeding in any court or before any administrative agency, including boards, commissions, panels or other tribunals administering workmen's compensation, occupational diseases, malpractice, arbitration or similar laws of the State of Illinois or of any other state or of the United States, which seeks in any way, directly or indirectly to contest or interfere with the Director's exclusive right, title and interest to funds, recoverable under treaties and agreements of reinsurance heretofore entered into by the Company as the ceding insurer, or otherwise."
That judgment was entered in the Illinois Court on April 20, 1982, and was made executory in Louisiana on April 23, 1982 upon petition of the liquidator. Pursuant thereto, two bank accounts in the name of Kenilworth Insurance Company at Jefferson Bank & Trust Company were seized by the Jefferson Parish sheriff.
On April 26, 1982, Organ & Company, Inc., a Louisiana corporation, petitioned for a temporary restraining order prohibiting the sheriff from releasing the funds in his possession. Organ's petition alleged it was managing general agent of Kenilworth Insurance Company, that the seized bank accounts comprised a claims fund established in Kenilworth's name to pay claims, and that Organ was signatory to these accounts. Organ further alleged that because Kenilworth had failed to deposit sufficient funds in the accounts, Organ had negotiated with Kenilworth to reinsure Kenilworth's risks, and had deposited funds in the accounts to cover claims made against Kenilworth's insureds. As a result, Organ's petition contended, all the funds seized had been deposited by Organ and none of the funds belonged to Kenilworth.
The temporary restraining order was granted and a hearing on the request for preliminary injunction was set. On the same day the temporary restraining order was signed, the liquidator for Kenilworth filed a motion to release the funds (which totalled $37,456.46). This motion was deferred to the hearing on the preliminary injunction.
At the hearing on the preliminary injunction, the liquidator presented testimony of Deborah Tyler, an attorney in the firm handling the liquidation. The intervenor presented testimony of Donald V. Organ, president of Organ & Company. Copies of the original Illinois judgment and of documents relating to the contractual agreements between Kenilworth and Organ were filed as exhibits.
In his May 26, 1982 judgment granting the preliminary injunction, the trial judge stated he was of the opinion that the Illinois judgment, although made executory in Louisiana, did not preclude the Louisiana court from ruling on the merits of Organ's claim.
The liquidator thereafter petitioned for and was granted an appeal. Subsequently, Organ filed a formal intervention, seeking (1) recall of the writ of fieri facias under which the funds were seized; (2) to be adjudged the owner of the funds; and (3) damages and attorney's fees for unlawful seizure.
Some of the testimony in the record (admitted over the objection of the liquidator's attorney) went to the merits of Organ & Company's claim to the seized funds. That issue is not before us now, however. The only question we may properly consider is whether Organ made a prima facie showing that the Illinois judgment is not entitled to full faith and credit in Louisiana against Organ.
A preliminary injunction is a procedural device, interlocutory in nature, designed to preserve the existing status pending a trial of the issues on the merits of the case. Even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit issues, the principal demand is *1190 determined on its merits only after a full trial under ordinary process. This rule is subject to the exception that, if the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction, the ruling on the preliminary injunction may definitively dispose of the merit issues. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La. 1979), and cases cited therein.
The applicant for a preliminary injunction need make only a prima facie showing he will prevail on the merits. The preliminary injunction requires less proof than is required in an ordinary proceeding for permanent injunction. See General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979).[2]
There are really two merit issues eventually to be decided in this case. The first is whether the Illinois judgment is entitled to full faith and credit in Louisiana. If it is, then the liquidator will be allowed to marshal the funds seized in Louisiana into Illinois, and Organ will be forced to litigate its claim in the Illinois liquidation proceeding. If the Illinois judgment is not entitled to full faith and credit in Louisiana, then Organ may continue with its suit here. The second merit issue, of course, is Organ's entitlement to the funds.
The full-faith-and-credit issue is clearly the threshold to be crossed before ownership claims can be considered. We conclude the only question on which Organ needed to make a prima facie showing to obtain the preliminary injunction was whether the Illinois judgment is entitled to full faith and credit. And, because there was no stipulation that the parties desired the preliminary injunction rule to dispose of the merits, we will limit our consideration to whether the evidence was sufficient for a prima facie showing.
In Underwriters Nat. Assur. v. N.C. Life &Acc., Etc., 455 U.S. 691,102 S.Ct. 1357, 71 L.Ed.2d 558 (1982), the Supreme Court held that a judgment of a court in one state is conclusive upon the merits in a court in another state only if the court in the first state had power to pass on the merits, that is, had jurisdiction to render judgment. Consequently, said the Supreme Court, before a court is bound by the judgment rendered in another state, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.
The Supreme Court stated that a judgment is entitled to full faith and credit even as to questions of jurisdictionwhen the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment. See also Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963).
A state court judgment need not be given full faith and credit by other states as to parties or property not subject to the jurisdiction of the court. W.U. Tel. Co. v. Com. of Pa., by Gottlieb, 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed.2d 139 (1961).
In the case before us, Donald Organ testified he never received any notice of the seizure of the bank accounts, and that he has never been cited to appear in any court to assert his company's ownership rights to the funds, although the accounts were maintained in Kenilworth's name by agreement between the parties and Kenilworth knew of and approved Organ's deposit of Organ's own funds in it.
Deborah Tyler, witness for the liquidator, testified she was not aware that Organ had never been notified that the accounts would be frozen. As far as she knew, the Illinois court had not issued any service, citation or other process in connection with the funds.
*1191 The Illinois judgment itself recites that the court had "jurisdiction over the parties and the subject matter," but it is clear the "parties" intended thereby were only the plaintiff in the liquidation proceedings ("People of the State of Illinois ex rel. Philip R. O'Conner, Director of Insurance for the State of Illinois") and the defendant, Kenilworth Insurance Company.
These facts alone might not be sufficient to constitute the "clear and convincing proof" required to rebut the presumption that the sister state had valid jurisdiction to render the judgment. See Prairie Finance, Inc. v. Perry, 389 So.2d 1131 (La.App. 3d Cir.1980); Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir.1979). They are sufficient, however, to establish the prima facie showing necessary to grant the preliminary injunction. On their face, these facts indicate the Illinois court had no personal jurisdiction to bind Organ & Company by its order.
For the foregoing reasons, the judgment of the district court is affirmed, and the case is remanded for further proceedings according to law. Appellant is to pay all costs of this appeal.
AFFIRMED AND REMANDED.
NOTES
[1] C.C.P. art. 2541:

"A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country must bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
"A duly authenticated copy of the judgment or decree must be annexed to the petition."
[2] There is no merit to Organ's contention before this court that this appeal is premature. It is true a preliminary injunction is an interlocutory judgment, but LSA-C.C.P. art. 3612 allows appeals of right from preliminary injunctions. This article is an exception to the general rule that no appeals may be taken from interlocutory judgments. See State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978).