COVINGTON, Judge.
After a thorough review and evaluation of the record, we find that the record supports the facts found and the reasons assigned by the trial judge. The Illinois court was without jurisdiction; hence the foreign judgment cannot be made exec-utory in Louisiana. See Matter of Kenilworth Insurance Company, 428 So.2d 1187 (La.App. 5th Cir.1983).
Accordingly, we adopt his written reasons for judgment as our own and attach a copy as Appendix A, and affirm the judgment appealed, at appellant’s costs.
AFFIRMED.
IDIX A
CERTIFIED COMMODITIES GROUP, INC. NUMBER 254,955 DIVISION “H”
VS. 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE
VINCENT J. ROCCAFORTE STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
The plaintiff, Certified Commodities Group, Inc., brought suit to make executory an Illinois judgment against the defendant, Vincent J. Roccaforte, a resident of Baton Rouge, Louisiana. Plaintiff originally filed suit against the defendant in the Circuit Court of Cook County, State of Illinois. Service of process was made on Fishman Merrick & Perlman, P.C. The Illinois court rendered a default judgment against the defendant.
This Illinois judgment was based upon a customer agreement between the defendant and Rosenthal & Company. Section 17 of this agreement appointed Fishman Merrick & Perlman, P.C. as the defendant’s agent for service of process. Payment was made by petitioner to Rosenthal & Co. in exchange for assignment of the claim and account due from the defendant. When this payment was made, the defendant’s account was closed. In accord with Section 14 of the customer agreement, this action terminated the agreement and thus terminated the appointment of Fishman Merrick & Perlman, P.C. as the defendant’s agent for service of process.
Therefore service of process upon Fish-man Merrick & Perlman, P.C. was insufficient to give the Illinois court jurisdiction over the defendant. No other basis for obtaining personal jurisdiction over the non-resident defendant exists in this case. *266 Since the Illinois court was without jurisdiction, the foreign judgment cannot be made executory in Louisiana.
For these reasons, judgment is rendered in favor of the defendant and against the plaintiff, dismissing the plaintiffs suit at its costs.
Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 21st day of September, 1982.
Daniel W. LeBlanc DANIEL W. LEBLANC JUDGE, DIVISION H