446 So.2d 395 (1984)
FEDERAL NATIONAL MORTGAGE ASSOCIATION
v.
William J. O'DONNELL, et ux.
No. 83-CA-660.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
*396 Boles & Mounger, Charles H. Ryan, Monroe, for plaintiff-appellant.
Stephen J. Simone, Metairie, Hess & Washofsky, Keith Credo, New Orleans, for defendant-appellee.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This appeal arises from a judgment granting a preliminary injunction of the disbursement of the proceeds of a sale of a house pursuant to executory process, as well as the granting of a stay order of eviction proceedings in the district court.
The facts reveal that plaintiff, Federal National Mortgage Association, (FNMA), instituted a suit by executory process to foreclose on a mortgage against defendants, Mr. and Mrs. O'Donnell, by petition filed September 2, 1982. These defendants were alleged to reside at 6094 Glenn Street in Metairie, Jefferson Parish, Louisiana, the address of the mortgaged property. The order authorizing the issuance of executory process as prayed for was signed by the court on September 7, 1982. On September 20, 1982, the deputy sheriff served the notice of seizure for Mrs. O'Donnell through a thirteen year old named by the sheriff as Tharanta. The notice of seizure which he attempted to serve on Mr. O'Donnell was returned unserved with the notation "subject deceased as per his daughter Tharanta." Tharanta in reality was Samantha, the granddaughter of the O'Donnell's.
On October 20, 1982, FNMA filed a supplemental petition alleging that Mr. O'Donnell was deceased and requesting service on Mrs. O'Donnell as surviving spouse in community under C.C.P. Article 2671, which was authorized by order of the court dated October 25, 1982. The deputy attempted to serve Mrs. O'Donnell with this notice of seizure nine times, but was unable *397 to find her in order to make service, and made a return to this effect.
FNMA then petitioned the Court to appoint an attorney to represent Mrs. O'Donnell as surviving spouse in community on the grounds that she was an absentee, and on December 17, 1982, the court appointed Keith Credo as attorney on behalf of Mrs. O'Donnell. Mr. Credo was served and he eventually located Mrs. O'Donnell in an apartment residence in the City of New Orleans. After speaking to her on the telephone, he mailed her copies of all the pleadings by letter dated January 19, 1983, which she received. Mr. Credo then notified the attorney for the plaintiff of Mrs. O'Donnell's new address in New Orleans and requested plaintiff to proceed no further as defendant claimed the note was not overdue.
FNMA took no further action, and on March 2, 1983, the sheriff sold the mortgaged property to a third party.
Before the sheriff could disburse the funds from the sale, Mrs. O'Donnell obtained a temporary restraining order prohibiting him from doing so, and staying any eviction proceedings of the occupants of the mortgaged property. This was accomplished by a petition filed on March 17, 1983, the day after the recording of the sheriff's deed, on the grounds that the sheriff's sale was a nullity for lack of proper service of the notice of seizure on Mrs. O'Donnell.
After conducting a hearing on April 13, 1983, the court held that the manner of service of the notice of seizure on Mrs. O'Donnell was insufficient, and on May 19, 1983, the court signed a judgment authorizing issuance of a preliminary injunction (1) prohibiting the sheriff from disbursing the funds from the sale of the mortgage property, and (2) enjoining any eviction proceedings of any occupants from the mortgaged property. FNMA thereupon perfected this appeal of the judgment granting the preliminary injunction and stay order.
Appellant (FNMA) alleges two issues for review by their appeal:

ISSUE NO. 1
In proceeding to foreclose on a mortgage by executory process, which requires the service of notice of seizure where one of the mortgagors of community property is deceased, and the plaintiff proceeds only against the surviving spouse in community under Code of Civil Procedure Article 2671, is service of the notice of seizure on the survivor once only, legally sufficient and complete, or must the surviving spouse be served twice, once in her individual capacity, and a second time in her capacity as surviving spouse in community of the deceased mortgagor?
On this issue, Mrs. O'Donnell asserts that the domiciliary service was insufficient to provide notice in that due process requires that defendant be apprised of the nature of the claim. Citing Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), appellee quotes:
"parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified (citations omitted). It is equally fundamental that the right to be heard must be granted at a meaningful time and in a meaningful manner."
Mrs. O'Donnell submits that notification in a meaningful manner implies notice of the nature of the claim. Further, while Mrs. O'Donnell doesn't so state, it seems that personal service would be required for a meaningful notice in executory process. Executory process, it should be noted, is a harsh remedy whose procedure must be complied with strictly, LSA-C.C.P. art. 2631, Commercial Credit Corporation v. Nolan, 385 So.2d 1246; (La.App. 3rd Cir.1980), and whose enforcement has been the subject of close due process scrutiny in the past. Thus, the trial court did not err in failing to relate the notice back to this service.

ISSUE NO. 2
When valid and complete service of the notice of seizure in a proceeding to foreclose on a mortgage by executory process *398 has been made on an attorney validly appointed to represent an absentee defendant, is it necessary in order to satisfy requirements of due process of law to serve that defendant again after her whereabouts and location are known and she becomes available for personal service?
FNMA claims that since there is no specific requirement as to how notice of seizure is to be made upon the surviving spouse in community, appellant is free to make this notice in any way possible. Mrs. O'Donnell urges that this argument totally ignores the concept of jurisdiction. The Code of Civil Procedure contemplates certain mechanisms by which a court may acquire jurisdiction over defendants. LSA-C.C.P. Art. 6 provides:
"Jurisdiction over the person is legal power and authority to render a personal judgment against a party to an actual proceeding. This jurisdiction must be based on:
(1) Service of process on the defendant, or on his agent for service of process;
(2) Service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of a party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.
Mrs. O'Donnell notes that inherent in this most basic procedural article is the concept that the court only has jurisdiction over those parties who are properly brought before it. A court does not have blanket authority, that is authority to do anything not prohibited, as FNMA is apparently arguing. This most basic concept dates back to Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878).
Thus, Mrs. O'Donnell states that the court lacked jurisdiction to deny any rights belonging to Mr. O'Donnell, without prior notice to his appropriate representative that these actions were to be taken. This argument may have also had merit in that once the defendant became deceased, Mrs. O'Donnell became the representative of his interest and, under that capacity, should have been served, as FNMA attempted to do, personally as a surviving spouse in community.
The arguments related to whether appointment of the curator was proper, as Mrs. O'Donnell was not an absentee, was not appealed by either party and cannot now be addressed.
Likewise, both FNMA's assertions related to the propriety of the nullity action and Mrs. O'Donnell's reply in that regard are not properly before this court. That issue is one to be determined on the merits as no evidence was presented in the injunction hearing in this regard. The trial court in its ruling made three findings of fact:
(1) That the service of the first notice of seizure by domiciliary service was effected on Mrs. O'Donnell on September 20, 1982,
(2) That the grounds for the appointment of the attorney for Mrs. O'Donnell on the grounds that she was an absentee was proper;
(3) That, despite the foregoing, after the plaintiff (FNMA) became aware of the correct address of Mrs. O'Donnell in New Orleans, plaintiff was legally obligated as a matter of due process to have service of the notice of seizure made on her at her apartment in New Orleans; and, because of failure to do so, the service of the notice of seizure was not legally completed and was insufficient for purposes of due process in a foreclosure by executory process.
As a matter of law, a preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case. Even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit issues, the principal demand is determined on its merits only after a full trial under ordinary process. In the Matter of the Liquidation of Kenilworth Insurance Co., 428 So.2d 1187, writs denied (La.App. 5th Cir.1983). This *399 rule is subject to the exception that if the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction, the ruling on the preliminary injunction may definitively dispose of the merit issues. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979), and cases cited therein.
The applicant for a preliminary injunction need make only a prima facie showing that he will prevail on the merits. The preliminary injunction requires less proof than is required in an ordinary proceeding for permanent injunction. See General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). While a preliminary injunction is an interlocutory judgment, LSA-C.C.P. Art. 3612 allows appeals of right from preliminary injunctions. This article is an exception to the general rule that no appeals may be taken from interlocutory judgments. See State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978).
The trial judge in a preliminary injunction hearing has great discretion to grant or deny the relief. Our review is limited to whether the trial court abused its discretion in this regard. For that reason, the question before this court is simply whether plaintiff presented a prima facie case that she can prevail on the merits. At the hearing on the injunction, the parties and the court, for some reason, restricted the evidence to the question of proper notice. As recited in the facts, the court found in plaintiff's favor because it was concerned with the possible violation of Mrs. O'Donnell's due process rights in light of the heavy scrutiny executory process is subject to. FNMA, however, argues that the notices received, either domiciliary or through the curator, were sufficient under the law to apprise Mrs. O'Donnell of the pending sale. Whatever the effect of domiciliary service, which may be questionable under due process, the appointment of a curator in executory proceedings is provided for in LSA-C.C.P. Art. 2674, "(1) when the defendant is an absentee." All proceedings against such a defendant shall be conducted contradictorily against the attorney appointed to represent the unrepresented party. LSA-C.C.P. Art. 5091.
The jurisprudence does not require personal service after the curator has been served and the whereabouts of the party become subsequently known. Further, appellant urges that plaintiff had actual knowledge as evidenced by the record; and thus, appellee's due process rights could not have been violated.
Our research indicates, at least to the issue of service on the curator, that FNMA may be technically correct in that procedural due process only guarantees that a person have prior notice and an opportunity to be heard before his property is taken. State v. Mitchell, 337 So.2d 1186 (La.1976). However, due process also "guarantees no particular form of procedure, it protects substantial rights." NLRB v. Mackay Co., 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381 (1938). (Emphasis added).
Despite the foregoing, our review of the record indicates a potential abuse of the executory proceedings subsequent to the notice received by appellee. The question arising from the evidence is whether the foreclosing appellant behaved in a manner calculated to prevent appellee from pursuing her legal remedies. If such is shown to be the case, i.e. that appellant decided to go through with the sale, after possibly agreeing to stop the sale, it is suggested, additional notice would have been required to protect appellee's due process rights.
In conclusion, a review of the law and the evidence indicates the trial judge did not abuse his discretion in granting the injunction and stay order in that a serious question was presented as to the possible violation of Mrs. O'Donnell's constitutional right to due process. Since this is a preliminary matter, the issues related therein should be fully litigated at a trial on the merits and the case remanded for that purpose.
We need not address the domiciliary service issue in that a prima facie case of *400 improper service was presented in the trial court due to the evidence relating to events following proper notice on the curator. Mrs. O'Donnell has, in addition, provided meritorious argument that the domiciliary service required personal notice under due process and that, as her husband was deceased, FNMA necessarily was required to serve the remaining spouse in her represented capacity as the interests of the spouses changed by the husband's death. As to curator's service, that service was sufficient, but there may have been a need for new service following any agreements to stop the sale. The other arguments relate to issues not properly before the court and need not be addressed here.
For the foregoing reasons, the judgment of the trial court is affirmed and the case is remanded for further proceedings.
AFFIRMED AND REMANDED.