KLIEBERT, Chief Judge.
This matter originated as an ordinary proceeding filed by petitioner on February 15, 1991 as the duly constituted authority of the Riverside Court Condominium Association, Phase I to enforce its administrative rule prohibiting unit owners from keeping household pets against two of its owners, Pamela Cure and Michael Beatty. The petition alleges that despite proper notice, hearing, and assessment of fines, the defendants continued to harbor their pets upon the premises.
The prayer is, after legal delays and due proceedings, held for: 1) the issuance of an order commanding defendants to cease harboring their pets upon the premises; 2) judgment ordering defendants to pay the cumulative fines and assessments imposed by the Association against them in connection with the matter subject to proof at trial, 3) judgment in favor of plaintiff and against the defendants for reasonable attorney fees as prescribed in the applicable by-laws of the Association, ?and 4) after due proceedings the issuance of a permanent injunction prohibiting the defendants from harboring household pets on the premises in the future.
The defendant, Pamela Cure appears to have been served on April 8, 1991 and, on April 23, 1991, she secured an order granting an additional thirty days within which to plead. On June 4,1991 an answer in the form of a general denial was filed on her behalf and thereafter no action appears to have been taken either for or against the defendant.
The defendant, Michael Beatty on March 15, 1991 moved for and was granted an extension of thirty days within which to file responsive pleadings. Thereafter, on April 15, 1991, he filed an exception of prematurity, the basis of which was that he was entitled to a hearing before the Condominium Association Board and that despite a request for a hearing he had received no response from the plaintiff who had thus failed to follow its own administrative procedure with the result that the petition is premature.
Apparently no action was taken by either party to have the exception of prematurity heard. On May 8, 1991 the defendant Beatty filed a motion reciting that the suit and exception were pending and that he desired a temporary retraining order enjoining the plaintiff from enforcing its alleged rules with respect to the keeping of pets until the matter could be heard by the court. Pursuant to the prayer of the motion, a temporary restraining order issued and a rule to show cause why a permanent injunction should not issue was set for hearing on May 28, 1991. A motion to dissolve the restraining order and opposition to the request for an injunction was filed by plaintiff on May 21, 1991, setting forth that mover neither alleged nor had suffered irreparable injury and that the ultimate conclusion of the pending action afforded him an adequate remedy at law.
The rule was heard on May 28, 1991 and on May 30, 1991 the trial judge signed an order restraining and enjoining the plaintiff “from enforcing Article XVIII and XXV, together with any and all rules and/or regulations which prohibit a condominium owner from keepng a pet on the premises ...” On a motion of plaintiff, a devolutive appeal was granted on June 25, 1991. On June 20, 1991 Beatty filed an answer setting forth that he was never informed by plaintiff before his purchase of the condominium of any prohibition against pets; that had he been so informed he would not have purchased the condominium and, further, that any regulation against the keeping of pets was being selectively enforced and was, therefore, invalid.
The lower court’s reasons for the issuance of the injunction are as follows:
“This is a request for a preliminary injunction. On May the 8th, 1991, I signed a temporary restraining order, directed to Riverside Court Condominium Association, restraining them from enforcing certain articles in the Association’s rules dealing with the housing of pets on the premises.
*490 Mr. Beatty contends that he will suffer irreparable harm unless an injunction issues today. The defense’s position is that there is no irreparable harm here, that they’re not stopping him from housing the animal; but in effect, they are.
They are attempting to enforce their rules. He’s been threatened by the attempted enforcement of the rules, such that he removed the pet from the premises and only returned the pet to the premises after obtaining a restraining order from this court.
It’s an unusual case but his loss of enjoyment of having the dog on the premises would be irreparable between now and the time this law suit can be— can be heard.
I am going to grant the preliminary injunction.
Motion for preliminary injunction granted. And the Association is prohibited from enforcing these articles, 19 and 20, as listed in the restraining order.”
On appeal the plaintiff re-asserts its position that defendant has not alleged irreparable loss or damage and contends that the trial judge exceeded his discretion in issuing the injunction without such an allegation and actual proof.
The appellee, on the other hand, contends that he proved that he would suffer irreparable injury and that the trial judge did not abuse his discretion, citing our decision in Federal Nat. Mort. Ass’n. v. O’Donnell, 446 So.2d 395 (5th Cir.1984).
The cited case was one in which there was an appeal from a judgment granting a preliminary injunction of the disbursement of the proceeds of the sale of a house pursuant to executory process as well as the granting of a stay order or eviction proceedings in the district court. There we found that “the trial judge did not abuse his discretion in granting the injunction and stay order in that a serious question was presented as to the possible violation of Mrs. O’Donnell’s constitutional right to due process.” (Page 399, emphasis supplied). No such situation exists here.
This is simply an ordinary proceeding wherein the plaintiff, in effect, seeks a declaratory judgment which, if granted, would require the enforcement of the rules and regulations and prohibit the defendant from harboring a pet on the premises. There is no threat of irreparable loss or damage; quite the contrary, the only threat to defendant is the possible loss of a lawsuit which he has answered raising serious defenses which is yet to be tried and from which he would be entitled to a sus-pensive appeal were judgment ultimately to be rendered against him.
The trial judge held that the threat “of an attempted enforcement of the rules” was, in effect, keeping the defendant from housing the animal. We fail to see how this can be so. From all that we can find in the record, the defendant is absolutely free to keep the animal until a court decrees otherwise. The possible fear alone of losing a lawsuit is not grounds for restraining the plaintiff from obtaining the judgment he ultimately seeks.
Accordingly, we set aside the temporary injunction issued by the trial court and remand the case to the trial judge for further proceedings. Costs are to be borne by appellee.
SET ASIDE AND REMANDED.