374 So.2d 749 (1979)
Jo Reid HOLDEN, Plaintiff-Appellee,
v.
Louie D. HOLDEN, Defendant-Appellant.
No. 7130.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1979.
*750 Cole & Guidry, Robert L. Cole, Lafayette, for defendant-appellant.
Guilbeau, Sullivan & Joy, Michael G. Sullivan, Lafayette, for plaintiff-appellee.
Before CULPEPPER, WATSON and FORET, JJ.
FORET, Judge.
This action involves a suit by plaintiff to have a Texas judgment for arrearages of child support recognized and made executory in Louisiana. Defendant answered, alleging that the Texas court lacked personal jurisdiction over him at the time that the judgment was rendered; that therefore the Texas judgment was invalid, and that the Louisiana courts should not recognize such judgment. From a decision in favor of the plaintiff, defendant brings this appeal.
In June, 1969, plaintiff and defendant, both then domiciliaries of Texas, were granted a judgment of divorce in the Court of Domestic Relations of Harris County, Texas. In this judgment, child support, to *751 be paid by defendant, was set at $150.00 per month. Some time subsequent to this, defendant moved to Louisiana and established his domicile in this State.
In 1977, upon defendant's failure to pay the court-ordered child support, plaintiff brought an action in the 309th District Court, Harris County, Texas for the unpaid amounts due. By judgment dated September 26, 1977, that court, after finding "that it has jurisdiction over both the subject matter and the parties in this cause", granted plaintiff's demand, and fixed the past due amount owed at $7,040.00.
On October 17, 1977, plaintiff filed a petition in the 15th Judicial District Court, Parish of Lafayette, Louisiana, for recognition and enforcement of the September 26, 1977, Texas judgment. Defendant answered, alleging that the Texas court lacked personal jurisdiction over him when it granted the judgment for child support arrearages, and that Louisiana courts, therefore, should not grant plaintiff's demand. The district court found that the Texas judgment was entitled to full faith and credit in Louisiana, and so ordered. Defendant appeals.
Upon appeal, as in the trial court, defendant alleges that the Texas court lacked jurisdiction over his person when it rendered judgment for arrearages in child support payments, and that Louisiana courts should not recognize such judgments.
It is well accepted and general rule that a court in Louisiana is powerless to deny a foreign judgment full faith and credit within this State unless the court in the foreign forum lacked jurisdiction over the parties or the subject matter involved in the controversy. U.S.C.A.Const. Art. 4, § 1; LSA-C.C.P. Art. 1; Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Swain v. Swain, 339 So.2d 453 (La.App. 1 Cir. 1976). This rule is so well established that in a suit for the recognition of a foreign judgment, the only issue of the foreign proceeding with which a Louisiana court may concern itself is the question of the foreign court's jurisdiction over the parties or subject matter involved within that action. Rice v. Kliebert, 330 So.2d 374 (La.App. 4 Cir. 1976). See: Fountain v. Fountain, 365 So.2d 1139 (La.App. 3 Cir. 1978).[1]
Although the jurisdiction of a court rendering a judgment is open to judicial inquiry when enforcement of that judgment is sought within this State, there is a general presumption that the decree is valid and the burden of undermining such a judgment rests heavily upon the assailant. Navarrette v. Laughlin, 209 La. 417, 24 So.2d 672 (1946); Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir. 1975). The burden to establish that the court of the rendering state was without jurisdiction can only be discharged by clear and positive proof. Turpin v. Turpin, 175 So.2d 357 (La.App. 2 Cir. 1965).
The law utilized to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. Fountain v. Fountain, supra. However, where a party contends that the law of the foreign state applies but does not introduce or demonstrate what the law of that state is with respect to the relevant issues, it is presumed that the law of the foreign state on the questioned point is the same as the existing law of Louisiana. Robertson v. Jimmy Walker Chrysler-Plymouth, 368 So.2d 747 (La.App. 3 Cir. 1979); Jagers v. Royal Indemnity Co., 257 So.2d 806 (La.App. 3 Cir. 1972), writ issued, 261 La. 524, 260 So.2d 315, aff'd., 276 So.2d 309 (La.1972). Thus, where Louisiana law provides adequate jurisdictional grounds for the foreign decree, the reviewing court may presume that the foreign court had jurisdiction in the original proceeding. West v. *752 Lawrence, 297 So.2d 443 (La.App. 3 Cir. 1974), writ denied 300 So.2d 840 (La.1974).
In the instant case, defendant contends that the Texas court lacked personal jurisdiction over him at the time it rendered the money judgment for past due child support. However, despite defendant's allegations, he failed to offer any evidence whatsoever of the applicable Texas law on this point. Therefore, it must be presumed that the Texas law on personal jurisdiction for an action to recover past due child support payments is the same as that currently existing in Louisiana and, unless Louisiana law does not provide for jurisdiction in this instance, the Texas decree is valid.
It is a settled principle of law within this State that in child support and alimony matters, a court having jurisdiction to grant such an award retains jurisdiction over a non-resident defendant to modify an award or to enter an award for arrearages. Broday v. Broday, 360 So.2d 645 (La.App. 3 Cir. 1978)[2]. In Broday, this Court recognized a California court judgment of arrearages of child support payments. The parties had obtained a California divorce and afterwards, the husband had become a Louisiana domiciliary. The wife then filed an action for arrearages in the California court. Personal service was made upon the husband in Louisiana. Thereafter, the husband attacked the jurisdiction of the California court in the Louisiana proceedings but failed to introduce any evidence of the applicable California law. This Court applied the Louisiana concept of continuing jurisdiction to find that the California court had jurisdiction over the non-resident husband in the action for arrearages.[3]
Under the existing Louisiana law, a court of this State would clearly have jurisdiction over a non-resident for arrearages of child support payments where the court had original jurisdiction in the award of child support payments. This proposition is reflected not only by Broday and the line of jurisprudence upon which that decision is based, but also is supported by the Code of Civil Procedure and the Louisiana Long-Arm Statute. Jurisdiction in Louisiana is the legal power and authority of a court to hear and determine an action. LSA-C.C.P. Art. I. Personal jurisdiction over an individual may be based upon the service of process upon that person or upon his agent for the service of process. LSA-C.C.P. Art. 6(1). In certain instances, Louisiana may exercise its personal jurisdiction over a non-resident by application of the Long-Arm Statute[4]. LSA-R.S. 13:3201(f), as amended in 1977, specifically provides:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
* * * * * *
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state."
Thus, Louisiana law provides for personal jurisdiction over a non-resident defendant where that individual was previously domiciled within the state and failed to provide support as obligated under a valid judgment. Under the existing circumstances, the Texas court herein did have jurisdiction to decide the action for arrearages.[5]
*753 Finding that the Texas court had jurisdiction over the person of the defendant and its judgment valid, the judgment of September 26, 1977, fixing the amount of child support in arrears at $7,040.00, is entitled to full faith and credit and recognition by the courts of Louisiana.
The judgment of the trial court is affirmed, and all costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
WATSON, Judge, concurring.
I concur, although I agree basically with Justice Tate's dissent in Imperial v. Hardy, 302 So.2d 5 (La.1974).
NOTES
[1] This principle is most frequently applied in actions to recognize foreign divorce decrees where the Louisiana courts have held that full faith and credit will be extended to a divorce decree rendered in a sister state except where it is established that the court rendering the decision did not have the jurisdictional requirement of domicile for the parties involved. See: Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir. 1975); Didier v. Didier, 230 So.2d 436 (La.App. 1 Cir. 1969), writ denied 255 La. 806, 233 So.2d 248 (1970).
[2] See also: Imperial v. Hardy, 302 So.2d 5 (La.1974); Heaton v. Garvin, 314 So.2d 363 (La.App. 3 Cir. 1975); Webb v. Webb, 357 So.2d 1288 (La.App. 3 Cir. 1978).
[3] In the original California divorce decree, the California court had expressly reserved jurisdiction for the future award of alimony. Defendant herein contends that this reservation distinguishes Broday from the instant case. However, as stated in Broday, jurisdiction was reserved because the divorce decree was an interlocutory judgment. In the case at bar, there was no need for the Texas court to reserve jurisdiction since the judgment of divorce and the award of child support were simultaneous.
[4] LSA-R.S. 13:3201, et seq.
[5] Thus, defendant's contention that under Louisiana law there would be no personal jurisdiction is without merit. Note that in the Texas judgment for unpaid child support, the court states that "... it has jurisdiction over both the subject matter and the parties in this cause". Since defendant offered no evidence to establish that Texas law did not extend jurisdiction, it would appear that jurisdiction of the Texas court may be presumed even without the application of Louisiana law. See: West v. Lawrence, 297 So.2d 443 (La.App. 3 Cir. 1974), writ denied, 300 So.2d 840 (La.1974).