389 So.2d 1131 (1980)
PRAIRIE FINANCE, INC., Plaintiff-Appellant,
v.
Wiley James PERRY, Jr., Defendant-Appellee.
No. 7794.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
Whitaker & Doggett, Monty L. Doggett, Natchitoches, for plaintiff-appellant.
*1132 Kelly & Salim, Robert L. Salim, Natchitoches, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This action involves a suit by the plaintiff to have a Kansas judgment on a promissory note recognized and made executory. Defendant answered, alleging that the Kansas court lacked personal jurisdiction over him at the time the judgment was rendered. Defendant argued that the Kansas judgment was invalid and should not be recognized, based on this lack of personal jurisdiction. From a decision in favor of the defendant, plaintiff brings this appeal.
In September, 1964, the plaintiff obtained a money judgment against the defendant from the County Court of Butler County, Kansas. This judgment was revived by that same court in February, 1970, and in January, 1977.
On February 1, 1978, plaintiff filed a petition in the City Court, Ward One, Natchitoches, Louisiana, for recognition and enforcement of the September 28, 1964, Kansas judgment. Defendant answered, alleging the lack of personal jurisdiction over him of the Kansas court as the basis upon which the Louisiana courts should refuse to recognize and enforce the Kansas judgment. The City Court found that the Kansas court lacked personal jurisdiction over the defendant and refused to give full faith and credit to the Kansas judgment. Plaintiff appeals from this decision.
The sole issue for our determination in this appeal is whether or not the Kansas court did in fact have personal jurisdiction over the defendant.
The Constitution of the United States commands that the courts of Louisiana give full faith and credit to judgments of the courts of our sister states. Louisiana may deny full faith and credit to a foreign judgment only when it is shown that the court which rendered it lacked jurisdiction over the parties or the subject matter of the litigation. U.S.C.A.Const. Art. 4, § 1; LSA-C.C.P. Art. 1; Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Holden v. Holden, 374 So.2d 749 (La.App. 3 Cir. 1979).
The only issue which a Louisiana court may concern itself with in a proceeding for the recognition of a foreign judgment is whether or not the foreign court had jurisdiction over the parties or subject matter of the action. Rice v. Kliebert, 330 So.2d 374 (La.App. 4 Cir. 1976); Holden v. Holden, supra.
There is a general presumption that a court of a sister state had the jurisdiction to render judgment in a case before it. The person attacking such a judgment has a heavy burden of proving otherwise. Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir. 1975); Holden v. Holden, supra. The burden to establish that the court of the foreign state was without jurisdiction can only be discharged by clear and positive proof. Turpin v. Turpin, 175 So.2d 357 (La.App. 2 Cir. 1965); Holden v. Holden, supra.
The defendant, Wiley Perry, Jr., attacks the foreign judgment in the present case. He has the burden of proving, by clear and positive evidence, that the Kansas court lacked jurisdiction over him when it rendered judgment against him. The evidence presented at the trial of this matter on the issue of service of process on the defendant consisted of the return of the Sheriff of Butler County, Kansas, showing personal service of process on him. The defendant gave oral testimony to the effect that such service had not been made on him. The law utilized to determine whether the foreign court had jurisdiction is the law of the foreign state rendering the original judgment. Fountain v. Fountain, 365 So.2d 1139 (La.App. 3 Cir. 1978).
The defendant failed to introduce any evidence of the law of Kansas with respect to the effect of a sheriff's return showing personal service of process on a defendant. Where a party contends that the law of the foreign state applies, but does not introduce or demonstrate what the *1133 law of that state is with respect to the relevant issue, it is presumed that the law of the foreign state on the questioned point is the same as the existing law of Louisiana. Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., 368 So.2d 747 (La.App. 3 Cir. 1979), writ denied, La., 371 So.2d 833, 834; Holden v. Holden, supra.
LSA-C.C.P. Article 1292[1] provides that a sheriff's return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. Louisiana law is settled that a return cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer. Hood Motor Company, Inc. v. Lawrence, 334 So.2d 460 (La.App. 1 Cir. 1976), writ denied, 338 So.2d 288 (La.1976). The trial judge in the case before us found, as a fact, the lack of service of process over the defendant. The only evidence in the record which would support such a finding is the uncorroborated oral testimony of the defendant. We conclude that this finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand La. App., 370 So.2d 1262, writ denied, 374 So.2d 660 (La.1979). We find that service of process and citation was made on the defendant.
We hold that the Kansas court did have personal jurisdiction over the defendant, Mr. Perry.
Finding that the Kansas court had jurisdiction over the person of the defendant and that its judgment was valid, the judgment of September 28, 1964, finding the amount owed by the defendant to the plaintiff in the full sum of $998.29, together with interest thereon at the rate of 10% per annum from September 9, 1964, until paid, together with all costs of those proceedings, is hereby recognized and made executory in the courts of the State of Louisiana.
The judgment of the trial court is reversed, and the matter is remanded to the said trial court for further proceedings. All costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] "Art. 1292. Sheriff's return

The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."