425 So.2d 322 (1982)
Kenneth Eugene BYRUM, et ux., Plaintiffs-Appellants,
v.
Bradley HEBERT, et ux., Defendants-Appellees.
No. 82-364.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*323 Newman, Thibodeaux & Marshall, H. Gayle Marshall, Lake Charles, for plaintiffs-appellants.
Edwards, Stefanski & Barousse, Stephen A. Stefanski, Crowley, for defendants-appellees.
Before DOMENGEAUX, FORET and LABORDE, JJ.
FORET, Judge.
Mr. and Mrs. Kenneth Eugene Byrum, plaintiffs, defendants-in-reconvention, the paternal grandparents of the minor children, Maranda Ann Austin and William Earnest Austin, Jr., brought this proceeding for a writ of Habeas Corpus, against Mr. and Mrs. Bradley Hebert, defendants, plaintiffs-in-reconvention, the maternal grandparents of the children, ordering them to show cause why the children were being detained by the Heberts and why the children should not be immediately restored to plaintiffs' custody.
Hearing on the writ was held on September 8, 1981, and the court on that date placed the temporary custody of the children with the Department of Health and Human Resources of the State of Louisiana, and further ordered defendants, plaintiffsin-reconvention, to file a petition for custody of the children as well as an opposition to the decree of adoption which plaintiffs, defendants-in-reconvention, had petitioned for and obtained in the State of Texas.
The custody proceeding was held on October 9, 1981, and the trial court rendered judgment in favor of reconvenors, granting them the custody of the two children. We reverse.

ISSUES
Plaintiffs, defendants-in-reconvention, present the following issues:
(1) Whether the trial court erred in failing to order the defendants to file answer to the writ of Habeas Corpus as mandated by the Code of Civil Procedure;
(2) Whether the trial court erred in failing to accord the Texas decree of adoption full faith and credit;
(3) Whether the trial court erred in finding that the children had been in the custody of appellees throughout the pendency of the adoption proceedings in the State of Texas;
(4) Whether the trial court erred in determining that the best interest of the children would be served by awarding their custody to appellees.

FACTS
Lelia Mae Austin, the daughter of defendants, plaintiffs-in-reconvention, was a resident of the State of Texas and had the children with her there. William Earnest Austin, Sr., the father of the children and the son of plaintiff, defendant-in-reconvention, Ada Lois Byrum, was also a resident of Texas. The mother of the children was suffering from a nervous condition and the father of the children was incarcerated in a Texas prison.
On March 19, 1981, the mother of the children took Maranda and William, Jr.[1] supposedly for the weekend, and sent them to Louisiana with her sister and brother-inlaw. Being incapable of caring for the children, both she and the father signed an affidavit of relinquishment of paternal *324 rights on April 30, 1981, said affidavit appointing Ada Lois Byrum as managing conservator of the children.
Plaintiffs, defendants-in-reconvention, petitioned in Texas for adoption of the children on May 1, 1981[2] and subsequently were awarded a "DECREE TERMINATING PARENTAL RIGHTS AND GRANTING ADOPTION", on June 30, 1981. Plaintiffs requested that defendants return the children to them but defendants refused to do so. This proceeding was thereafter initiated by plaintiffs on August 13, 1981.

HABEAS CORPUS
The writ of habeas corpus is an extraordinary remedy. It may be sued for in either a summary or ordinary proceeding (LSA-C. C.P. Article 2592). Article 3821 of the Louisiana Code of Civil Procedure defines it as follows:
"Art. 3821. Definition
Habeas corpus is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody.
Custody, as used in this Chapter, includes detention and confinement.
A petition for a writ of habeas corpus may be filed by the person in custody or by any other person in his behalf."
LSA-C.C.P. Article 3825 provides the following:
"Art. 3825. Answer; production of person in custody
The person upon whom the writ has been served, whether it is directed to him or not, shall file an answer stating whether he has custody of the person named in the writ. If the person is in his custody, he shall produce him and state in his answer by what authority he holds the person detained." (Emphasis ours.)
Plaintiffs alleged that the trial court erred in not requiring the defendants to file answer. We agree. LSA-C.C.P. Article 2593 provides that ordinarily, an answer is not required in a summary proceeding, (except as otherwise provided by law). As can be seen from Article 3825 above quoted, the writ of habeas corpus is one of the exceptions where an answer is required in a summary proceeding.
Whether the action is proceeding summarily or via ordinaria is of no moment in this case, however, because either mode of procedure may be utilized in bringing a writ of habeas corpus and because Article 3783[3], requiring answer before the hearing, makes no distinction as to the mode of procedure, we conclude that in either case written answer must be filed not later than the time fixed for hearing. Without answer, the matter was not properly before the court for adjudication.

FULL FAITH AND CREDIT
The trial judge herein ruled on the date of the hearing on the writ of habeas corpus that it would not accord the Texas decree of adoption Full Faith and Credit because the decree "was invalid on its face". He therefore found that Louisiana had jurisdiction pursuant to LSA-R.S. 13:1700, commonly referred to as the UNIFORM CHILD CUSTODY JURISDICTION ACT. We disagree.
It is well settled in the jurisprudence of Louisiana that a state may deny full faith and credit to a foreign judgment only when it is shown that the court which rendered it lacks jurisdiction over the parties or the subject matter. U.S.C.A. Const., Art. 4, § 1; LSA-C.C.P. Art. 1; Holden v. Holden, 374 So.2d 749 (La.App. 3 Cir.1979); Prairie Finance, Inc. v. Perry, 389 So.2d 1131 (La.App. 3 Cir.1980).
Additionally, there is a general presumption that a court of a sister state had jurisdiction to render the judgment in the case before it, and it is incumbent upon the *325 person attacking the judgment to show by clear and positive proof that the rendering court was without jurisdiction. U.S.C.A. Const., Art. 4, § 1; LSA-C.C.P. Art. 1; Berry v. Berry, 307 So.2d 821 (La.App. 3 Cir.1975); Holden v. Holden, supra; Prairie Finance, Inc. v. Perry, supra.
Ordinarily, when a party seeks to attack a judgment of a foreign court on the basis that it lacked jurisdiction, the law utilized in making that determination is the law of the foreign state rendering the judgment. Fountain v. Fountain, 365 So.2d 1139 (La.App. 3 Cir.1978); Prairie Finance, Inc. v. Perry, supra. However, when the party attacking the foreign judgment contends that the law of the foreign state applies, but does not introduce or demonstrate what the law of that state is with respect to the relevant issues, it is presumed that the law of the foreign state on the question point is the same as the existing law of Louisiana. Holden v. Holden, supra; Prairie Finance, Inc. v. Perry, supra.
Defendants contend, and the court so found, that the decree of adoption rendered in Texas was invalid on its face. The reason advanced was that the children were not present in Texas either at the time of the filing of the petition for adoption or at the time of the signing of the judgment.
No Texas law was cited on the point so we are bound by the presumption that the law of Texas on this issue is the same as the existing law in Louisiana.
Applying Louisiana law to the facts herein, we find that the Texas court had jurisdiction to render the decree of adoption. Article 10 of the Louisiana Code of Civil Procedure provides, in pertinent part:
"Art. 10. Jurisdiction over status
A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(1) An adoption proceeding if the person who has legal custody of the child is domiciled, or the child is lawfully, in this state, and the court has personal jurisdiction over the adoptive parent; or if the latter is domiciled in this state, and the court has personal jurisdiction over the legal custodian;" (Emphasis ours.)
Under Louisiana law, a court would have had jurisdiction over the subject matter because of this status article. Furthermore, the Texas court decree itself states unequivocally that the children were in the state of Texas and the legal custodians of the children (plaintiffs, defendants-in-reconvention) were domiciled in Texas. Thus, the Texas court had personal jurisdiction over them.
Furthermore, the decree accords with due process in that it meets the minimum contacts requirements. On its face, it states that the children were present in Texas, the natural parents were domiciled and living in Texas, the relinquishment of paternal rights took place in Texas, and the conservators of the children (the paternal grandparents) were domiciled and living in Texas.
We hold that the decree was therefore valid and the Louisiana court should have accorded it full faith and credit.
Because of these findings, it is unnecessary to reach the remaining issues.

DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Kenneth Eugene Byrum, et ux and against Bradley Hebert, et ux, reversing the judgment of the trial court herein awarding the Heberts custody of Maranda Ann Austin and William Earnest Austin, Jr.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon receipt of this decision, defendants, plaintiffsin-reconvention, file an answer to the plaintiffs, defendants-in-reconvention's writ of habeas corpus as provided by Articles 3783 and 3825 of the Louisiana Code of Civil Procedure.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon receipt of this decision, the trial court reset the matter for hearing within the delays prescribed by LSA-C.C.P. Article 3782.
*326 All costs of these proceedings, both in this Court and at the trial level, are assessed against appellees.
REVERSED AND REMANDED.
NOTES
[1] William Earnest Austin, Jr. never lived with the Byrums because he was a sickly child and his mother had to frequently take him to a doctor. Maranda Austin had been living with the Byrums for three weeks prior to the time that the children were taken to Louisiana.
[2] Mrs. Byrum testified as to the date of the filing since the petition was not included in the record.
[3] `Art. 3783. Answer

A written answer to a petition for a writ shall be filed not later than the time fixed for the hearing."