hDECUIR, Judge.
Julian E. Long filed suit against his daughter, Linda Long Minton, seeking to revoke the donation of several shares of stock in the family owned business. Min-ton filed an exception of lis pendens, alleging that the claims of Long must be asserted in a compulsory reconventional demand in a pending suit between the same parties. The trial court maintained the exception and dismissed Long’s suit. Long has appealed, and we affirm.
In this suit, Long seeks revocation of two donations of stock to Minton. The first is the 1982 donation of nine shares of stock in Long’s Preferred Products, Inc., and the second is the 1984 donation of one share of stock in the same corporation. Long asserts in his petition that the revocation is premised on the ingratitude of Minton, evidenced by her repeated allegations of criminal activities on the part of Long, including fraud, theft, and stock manipulation. Those allegations were made in the consolidated suits entitled Linda K. Minton v. Long’s Preferred Products, Inc. and Julian W. Long, bearing civil suit number 196,819, Division E, and Linda K. Minton v. Julian W. Long, Julian Edward Long, Tracy Percy, and Eva Long, bearing civil suit number 196,820, Division *1243 D, pending on the docket of the Ninth Judicial District Court for the Parish of Rapides.
Minton contends that Long should have asserted his claims for revocation by filing a reconventional demand in the consolidated suits, which set forth a claim for declaratory judgment concerning the ownership of stock in Long’s Preferred Products. In the suits, Minton claimed ownership of ten of her fifty shares of stock via donation from her father, which he did not dispute. Minton argues that the consolidated action involves the same parties in the same capacities as in the instant case, and the claims asserted arise from the same transaction or occurrence as that at issue herein. Pursuant to La.Code Civ.P. art. 531, Minton filed an exception of lis | ¡.pendens. She stated in her exception that the claims asserted by Long should have been brought as a compulsory reconventional demand in the declaratory judgment action, pursuant to the provisions of La.Code Civ.P. art. 1061.
Long contends the cause of action he asserts herein does not arise “from the same transaction and occurrence between the same parties in the same capacities” as that involved in the consolidated actions brought by Minton. He also denies that his claims should have been brought as a compulsory reconventional demand under La.Code Civ.P. art. 1061, arguing first, that the trial court implicitly rejected that argument, and second, that the argument is effectively an exception of res judicata, which is inapplicable as there is no final judgment in the consolidated action.
In Hy-Octane Investments v. G & B Oil Prod., 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, this court discussed an exception of lis pendens that was premised on the compulsory reconventional demand theory. We held that the doctrine of res judicata requires a party to assert all rights and causes of action that arise out of the same transaction or occurrence that is the foundation of the plaintiffs action. This requirement promotes judicial efficiency and fairness in the resolution of intrinsically related claims in the same forum. We reversed the trial court’s decision to overrule the defendant’s lis pen-dens exception, explaining that the claim for breach of contract should have been brought as a reconventional demand in the original action for wrongful termination of the same contract. As in the instant case, the proper exception was lis pendens, not res judicata, because there was no final judgment in the original action at the time the second suit was filed.
The parties agree that the pleadings filed in the consolidated declaratory judgment action show that both Long and Minton are parties thereto, and the case involves the ownership of certain stock, including the ten shares donated to Minton laby Long. The fact that Long is the plaintiff herein and a defendant in the consolidated actions is of no consequence.
Rather, the question is whether Long’s claim for revocation arises out of the same transaction or occurrence that is the subject of the claim asserted by Minton in her previously filed action. In order to determine this, we must review the pleadings filed in Minton’s suit. They were not offered as evidence in the instant case, but we have obtained copies from the district court and take judicial notice of the contents pursuant to La.Code Evid. art. 201. See also, La.Code Civ.P. art. 853; State v. Batiste, 96-0526 (La.App. 3 Cir. 12/11/96), 687 So.2d 499, writ denied, 97-0174 (La.6/30/97), 696 So.2d 1003; State v. Augillard, 371 So.2d 798 (La.1979).
*1244 After reviewing Minton’s pleadings, we conclude that both the instant action and the consolidated suits filed by Minton arise from the same transaction or occurrence, i.e. the ownership of certain shares of stock. Long’s attempt to revoke the donations he made to Minton directly affect the determination of stock ownership. Accordingly, Long must assert his claim for revocation as a compulsory reconventional demand in the consolidated suits. As we held in the Hy-Octane case, “judicial efficiency is thereby served.” 97-28, p. 7, 702 So.2d 1057, 1061.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to Julian E. Long.
AFFIRMED.