STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA03-512


STATE OF LOUISIANA

VERSUS

COLLINS J. KONKLE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NUMBER 2002-4R
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


BILLIE COLOMBARO WOODARD
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Billie Colombaro Woodard, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**AFFIRMED.**


Jeffery L. Brunson
Special Assistant District Attorney
Post Office Box 2609
Lafayette, Louisiana 70502-2609
(337) 235-0751
Counsel for State/Appellant


J. Clay Lejeune
627 North Parkerson Ave.
Post Office Box 1919
Crowley, Louisiana 70527
(337) 788-1505
Counsel for Defendant/Appellee:
        Collins J. Konkle

WOODARD, Judge.

On appeal, the State of Louisiana argues that a Michigan support order, brought under the Uniform Interstate Family Support Act (UIFSA) to collect arrearages the Defendant owed, should be valid and enforceable in Louisiana. The trial court declined to register this foreign support order. We affirm.

* * * * *

In 1979, Mr. Collins Konkle and Mrs. Geraldine Ann Davy had a child, who was born in the State of Michigan. The couple married a month later. In 1981, the family moved to Louisiana, then, decided to move to Texas a year afterwards. They separated two years later. Soon after their separation, Mrs. Konkle and her child moved back to Michigan. Mr. Konkle chose to settle in Louisiana.

In 1983, she initiated child support proceedings in the State of Michigan under the Uniform Reciprocal Enforcement of Support Act (URESA). Michigan filed a petition to initiate support proceedings in Louisiana. On September 23, 1983, a Louisiana court ordered Mr. Konkle to pay $100.00 per month in support. Under URESA procedure, Louisiana sent the order to Michigan, the initiating jurisdiction. Later, Mr. Konkle voluntarily agreed to increase his support obligation to $150.00 per month.

In 1985, Mrs. Konkle filed a petition for divorce in Michigan. However, Mr. Konkle did not answer the petition or make an appearance of any kind in that action. On August 6, 1985, a Michigan court entered a default judgment against him under which it ordered him to pay $50.00 per week in child support.

By an order dated June 12, 1997, a Louisiana court closed child support proceedings against Mr. Konkle when it found that his child had reached the age of majority and that he did not owe any arrears.

On January 15, 2002, Mrs. Konkle filed, through the State of Florida, her new domicile, a motion to register a foreign support order under UIFSA in Louisiana. She filed this motion to collect arrearages owed under the Michigan order entered in 1985.

This matter was set for trial on July 5, 2002, at which time the trial court declined to register the foreign support order. Specifically, it found that: (1) Louisiana had assumed jurisdiction in 1983; (2) the Defendant in good faith had

1

fulfilled his obligation under the Louisiana order(s); and (3) the Michigan court violated his due process rights when it ordered him to pay a default judgment without giving him notice and an opportunity to be heard.

On appeal, the State of Louisiana asserts that the trial court erred: (1) in rendering judgment without affording counsel an opportunity to present evidence; (2) in considering the Louisiana order(s) to reach its holding despite the absence of any motion or request that the order(s) be admitted in evidence; and (3) in failing to give the Michigan order full faith and credit.

* * * * *

**OPPORTUNITY TO PRESENT EVIDENCE**

Before the hearing on State's motion to register the foreign support order, the trial court held a pre-trial conference. At this conference, Mr. Konkle's counsel told the trial court his client had advised him that he had no knowledge of the Michigan divorce proceedings and/or the resulting divorce/child support order that Mrs. Konkle initiated in 1985.

According to the State, immediately after hearing this, the trial court denied registration of the Michigan order. Thus, the State believes the trial court relied solely and exclusively on Defense counsel's oral statements and, thus, went beyond the evidence to reach its factual conclusions.

In its *per curiam* opinion, the trial court strongly denies this contention and relates that the following took place in the pre-trial conference:

> [T]he two attorneys presented the issues and advised the court that the only evidence would be the suit record, the law of the various states involved as well as a few documents purporting to show, inter alia, service of process on defendant in the Michigan proceeding. Neither side presented a witness list.
>
> The court informed counsel that if they had nothing more as evidence the ruling would be in favor of defendant, as the record, the law, and the documents failed to prove that the Michigan order warranted registration in this state. Both counsel confirmed that they indeed had no other evidence. Hence, the parties agreed to submit the matter on the evidence offered at the pre-trial conference. The court reviewed the record, the documents, and the law and proceeded to hearing in open court.

2

The trial transcript further reveals that the trial court took notice of the suit record and relevant law before ruling on the motion. It reads as follows:

**BY THE COURT:**

After reviewing the record and reviewing the various applicable law, because the laws change from URESA to UIFSA, and after reviewing them and recognizing them, this Court denies the request from the State of Michigan.

Afterwards, when it asked counsel if they wanted to make an oral argument, they declined. The trial court also allowed the State to admit in the record all the documents it chose to offer as evidence except photocopies of statutes. In fact, at the hearing, the trial court explicitly stated to State's counsel: "You can put everything in except the law." Yet, the State only offered and filed in the record service documents that were previously presented to the trial court during the pre-trial conference.

It is undeniable that the trial court gave State's counsel ample opportunity to present his evidence, but he was simply not prepared to do so. It is also clear from the record that it did not rely, solely, upon Defense counsel's oral statements to reach its factual conclusions.

Notably absent from the State's offerings were certain documents that it, now, seeks to have considered for the first time on appeal. These documents, which were acquired post-hearing, include an "Acknowledgment of Service," dated March 5, 1985, and a February 12, 1985 letter from the State of Michigan's Office of Friend of the Court with an attached questionnaire.

It is well settled law "that an appellate court is prevented from considering evidence which is not part of the record."[1] Thus, the State's exhibits acquired after the hearing are beyond the scope of our review.

---

[1]*State v. Batiste*, 96-526, p. 5 (La.App. 3 Cir. 12/11/96), 687 So.2d 499, 502, *writ denied*, 97-174 (La. 6/30/97), 696 So.2d 1003 (citing *State v. Aubrey*, 609 So.2d 1183 (La.App. 3 Cir. 1992)).

## JUDICIALLY NOTICED FACTS

The State does not contest the prior order(s)' accuracy; rather, it complains that the trial court improperly considered the prior Louisiana child support order(s) without a motion ordering them to be admitted in evidence; and that when the parties made no request or motion to admit them in evidence, the trial court could not go beyond the evidence by taking judicial notice of the other proceedings.

Thus, we must determine whether its apparent taking of judicial notice of prior Louisiana child support order(s), not in evidence, was permissible.

Louisiana Code of Evidence Article 201 provides, in part:

> **A. Scope of Article.** This Article governs only judicial notice of adjudicative facts. *An "adjudicative fact" is a fact normally determined by the trier of fact.*
>
> **B. Kinds of facts.** *A judicially noticed fact must be one not subject to reasonable dispute* in that it is either:
>
> (1) Generally known within the territorial jurisdiction of the trial court; or
>
> (2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> **C. When discretionary.** *A court may take judicial notice, whether requested or not.*

(Emphasis added.)

According to La.Code Evid. art. 201, a Louisiana child support order would only contain adjudicated facts because facts in a court order are "normally determined by the trier of fact," and they are "not subject to reasonable dispute." This article also states that a court acts within its discretion when it takes judicial notice of adjudicated facts "whether requested or not."[2] Furthermore, in *Long v. Minton*,[3] this court recently took judicial notice, on its own motion, of pleadings filed in a separate suit.

---

[2]La.Code Evid. art. 201(C).

[3]01-1361(La.App. 3 Cir. 3/6/02), 809 So.2d 1242, *writ denied*, 02-896 (La. 5/31/02), 817 So.2d 96.

Given this court's *Long* decision, we find that a Louisiana trial court can properly take judicial notice of prior Louisiana child support order(s), even when no party moves to admit them in evidence. Thus, we hold the trial court, in the instant case, clearly acted within its discretion when it took judicial notice, on its own motion, of prior Louisiana child support order(s).

**FULL FAITH AND CREDIT**

The State alleges that the trial court incorrectly denied the Michigan order full faith and credit and that this was due to the trial court's failure to allocate a presumption of validity to the Michigan order.

"[F]ull faith and credit is not due if the court in the foreign forum lacked jurisdiction over the parties or the subject matter of the controversy."[4] This court in *Holden v. Holden* explained:

> The law utilized to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. However, where a party contends that the law of the foreign state applies but does not introduce or demonstrate what the law of that state is with respect to the relevant issues, it is presumed that the law of the foreign state on the questioned point is the same as the existing law of Louisiana.[5]

The burden of undermining such a judgment generally rests upon the party attacking its validity.[6]

Although Mr. Konkle claims the Michigan court lacked jurisdiction over him at the time because it entered a default judgment without giving him actual notice or an opportunity to be heard, he failed to offer any evidence of the applicable Michigan law on this point. Thus, we must presume that Michigan law on personal jurisdiction

---

[4]*Miles v. Perroncel*, 598 So.2d 662, 667 (La.App. 3 Cir. 1992) (citing U.S. Const. art. IV, § 1; *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 64 S.Ct. 208 (1943); *Byrum v. Hebert*, 425 So.2d 322 (La.App. 3 Cir. 1982); *Holden v. Holden*, 374 So.2d 749 (La.App. 3 Cir. 1979).

[5]374 So.2d at 751 (citation omitted); *Byrum*, 425 So.2d 322.

[6]*Id.*

5

for an action to recover past due child support payments is the same as the law currently existing in Louisiana.[7]

Louisiana Revised Statutes 13:3204(A) provides the requirements for service of process when using the Long Arm Statute:

> A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

In the instant case, there is no evidence that Mr. Konkle received notice of the hearing or a copy of the default judgment. Since he was never served, the Michigan tribunal lacked jurisdiction over him and, thus, had no authority to issue its order.[8] Accordingly, we do not owe its order full faith and credit.[9]

We find that the trial court did not err.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of the State's motion to register the Michigan court's support order. We assess all costs to the State-Appellant.

**AFFIRMED.**

---

[7]*See Id.*

[8]*See Miles*, 598 So.2d 662.

[9]*See Id.*