957 So.2d 340 (2007)
STATE of Louisiana, Plaintiff-Appellee
v.
John Melvin WATKINS, Defendant-Appellant.
No. 42,060-JAC.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
Rehearing Denied June 14, 2007.
*341 Eskridge E. Smith, Jr., Bossier City, for Appellant.
Brian P. Joffrion, Eugene W. Bryson, III, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, CARAWAY, MOORE, and LOLLEY, JJ.
BROWN, Chief Judge.
In November 2004, pursuant to Children's Code Art. 1306.7, the district attorney for Caddo Parish filed a petition in the First Judicial District Court for Caddo Parish to register for enforcement an April 2003 consent support order issued by the California Superior Court for Los Angeles County against defendant, John Watkins. A Judicial Hearing Officer concluded that the California support order should be registered for enforcement, and Watkins appealed to the district court. Because exactly the same question had been handled in 1994 in the Caddo Parish Juvenile Court, the district court transferred the case to the juvenile court. This appeal is from the ruling of the Juvenile Court upholding the Hearing Officer's opinion.

Facts and Procedural Background
John and Judith Watkins were married and had a child, Shirley, who was born on September 3, 1976. In December 1978, judgment was rendered in California Superior Court for Los Angeles County awarding custody of the child to Judith and ordering John Watkins to pay $160 per month to Judith for the support of their daughter.[1] Ten years later, in 1988, Judith applied for state aid in California. In conjunction therewith, she assigned to the State of California her right to collect child support pursuant to the 1978 judgment. In 1989, Los Angeles County forwarded the judgment to Riverside County, California, which sought to collect arrearages and future support against Watkins in the juvenile court for Caddo Parish, Louisiana.[2]
On June 30, 1994, approximately two months before the child's eighteenth birthday, judgment was rendered against Watkins in the juvenile court for Caddo Parish finding him $5,000 in arrears on the California *342 support obligation, even though more than $18,000 had been claimed. The difference resulted from the grant of a peremptory exception of prescription. Defendant paid off the $5,000 and the current support obligation prior to October 22, 1998, at which time he received correspondence from the Caddo Parish Juvenile Court indicating that his case had been closed. Louisiana had received documentation from Riverside County, California, also indicating that the case was closed.[3]
These actions in the Caddo Juvenile Court filed in 1989 and 1990 sought to collect the support in the full amount set in the 1978 California judgment. We note that from December 1978 (the date of the California order) until September 1994 (the date the child turned 18 years old), the total amount owed, if nothing had been paid, would have been approximately $30,700. No one appealed the June 1994 Caddo Parish judgment applying Louisiana prescription statutes and finding the arrearage to be $5,000.[4] That judgment provided that Watkins was to pay $160 per month with $120 going for current support and $40 toward "acknowledged" arrears of $5,000. It further stated that current support will be paid until September 1994 (the 18th birthday of the child), then the total amount of $160 would go to liquidate the arrears. As stated, by October 1998 this judgment had been paid in full primarily through the taking of Watkins income tax refunds. This payment was acknowledged both by the Caddo Parish Juvenile Court and Riverside County, California.
In late 2002 or early 2003, Los Angeles County began garnishing Watkins' wages. According to Watkins, who was employed at the Shreveport GM plant, over $1,200 per month was being taken out of his paycheck. As a result of the wage garnishment, Watkins contacted by telephone an assistant district attorney in Los Angeles County. In April of 2003, Watkins and the State of California entered into a consent judgment through a telephonic conversation. The amount Watkins allegedly owed was set at $58,639.00, of which $29,567.90 consisted of principal and $29,071.17 in accrued unpaid interest and penalties. The telephonic agreement provided that Watkins would have his wages garnished at the rate of $400 monthly.[5] Watkins now claims that he was informed that he could either agree to the $400 per month or California would continue to garnish his wages at a rate of over $1,200 per month. Thereafter, the California officers apparently faxed Watkins a document which he signed and faxed back to California. The document purports to be the consent judgment which, in November of 2004, California requested that Louisiana register and enforce through a proceeding under UIFSA (Uniform Interstate Family Support Act). Upon receiving notice of the request, Watkins contested the Louisiana court's registration of the consent judgment. The juvenile court registered the 2003 consent judgment for enforcement and denied the exception of res judicata *343 filed by Watkins. Defendant has appealed the juvenile court's judgment.

Applicable Law
In accordance with the U.S. Constitution, Article 4, Section 1, Louisiana courts must give full faith and credit within this state to a foreign judgment rendered by a court with proper jurisdiction. The applicable law to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. State v. Fontenot, 587 So.2d 771 (La.App. 2d Cir.1991). When enforcement of a foreign judgment is sought within this state, the jurisdiction of the foreign court is open to judicial inquiry; however, there is a general presumption that the decree is valid, and the burden of undermining the judgment rests heavily upon the attacking party. Holden v. Holden, 374 So.2d 749 (La.App. 3d Cir. 1979).
The Uniform Interstate Family Support Act (UIFSA) sets forth seven enumerated defenses to defeat the enforcement of a foreign support order. Louisiana Children's Code article 1306.7 provides:
(A). A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
(1) The issuing tribunal lacked personal jurisdiction over the contesting party.
(2) The order was obtained by fraud.
(3) The order has been vacated, suspended, or modified by a later order.
(4) The issuing tribunal has stayed the order pending appeal.
(5) There is a defense under the law of this state to the remedy sought.
(6) Full or partial payment has been made.
(7) The proscriptive period under Article 1306.4 (Choice of law) precludes enforcement of some or all of the arrearages.
(B). If a party presents evidence establishing a full or partial defense under Paragraph A of this Article, a tribunal may stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the laws of this state.
(C). If the contesting party does not establish a defense under Paragraph A of this Article to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.

Discussion
Res Judicata, Mistake of Fact and Full/Partial Payment
It is Watkins' primary contention that the 2003 consent judgment should not be enforced, as he has already fulfilled his child support obligation as required by the previous 1994 judgment. Watkins contends that the 1994 judgment and his payments made in satisfaction of that judgment preclude the State of California from seeking additional arrearages, interest, or penalties. To support his contention, Watkins argues that after the 1994 judgment neither the State of California, nor anyone on behalf of Judith Watkins Childree, appealed or reserved any right to collect further amounts and that after satisfaction of the 1994 judgment, the case was dismissed in both Louisiana and California. Furthermore, Watkins asserts that the 2003 consent judgment emanates from the same obligation that was the subject of the 1994 judgment, which he satisfied. Therefore, it is Watkins' position that the juvenile *344 court erred by denying his peremptory exceptions of res judicata and no cause of action.
The state maintains that the juvenile court properly denied Watkins' exception of res judicata. According to the state, the only means by which Watkins could contest the validity or enforcement of the 2003 consent judgment in Louisiana is by proving the existence of one of the seven enumerated defenses found in La. Ch. C. Art. 1306.7, and res judicata is not one of them.
Watkins also contends that the state cannot seek to register and enforce the 2003 consent judgment because he has already made full or partial payment, which is an enumerated defense under Louisiana's Children's Code article 1306.7(A)(6).
The state, however, takes the position that Watkins' argument about the full or partial payment of the 1994 judgment is inapplicable since the state seeks to register and enforce only the 2003 consent judgment. If Watkins wished to raise the issue of past payments, the state argues he should have done so during the California proceeding in 2003. Furthermore, with regards to the arrearages amount due, the state contends that it cannot modify the California judgment since it does not have the appropriate jurisdiction.
In June 1994, the Caddo Parish Juvenile Court found the amount of arrearages was $5,000 and that future support would end when the child became a major in September 1994. No one appealed this ruling, and it became a final judgment. A valid and final judgment in favor of the plaintiff is conclusive between the same parties and all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. La. R.S. 13:4231(1). Furthermore, the record shows that the judgment was paid in full in 1998. In late 2002, California decided to apply nearly all payments to interest and imposed a judgment for more than $58,000 for the same claim previously asserted by California in Louisiana in 1989 and 1990, and which was adjudicated and paid in full. Clearly, the California claim was paid in full and their present action in Louisiana is an attempt to circumvent the prior ruling.
The Louisiana Assistant District Attorney's argument that the only thing that can be considered is the consent judgment is like the proverbial ostrich. The situation presented in this case looks, sounds, and walks like res judicata and full payment.

Conclusion
The judgment of the juvenile court denying Watkins' peremptory exception of res judicata and no cause of action is hereby reversed.
IT IS ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of John Watkins dismissing this action.
CARAWAY, J., dissents with written reasons.
MOORE, J., concurs in the result only.
CARAWAY, J., dissenting.
I respectfully dissent. The interstate child support order in this case is entitled to full faith and credit as a California judgment. The underlying facts for the present and former California judgments, which are not fully known from the partial record before us, may not be second guessed, characterized with horror, and weighed in the court of equity by Louisiana judges, particularly when the defendant, Watkins, appeared in the 2003 California proceeding and consented to the entry of judgment.
*345 Of the few available defenses against the constitutional power of full faith and credit, Watkins has meekly argued only two: California's lack of personal jurisdiction over him in the rendition of the 2003 consent judgment and partial payment. La. Ch.C. art. 1306.7(A)(1) and (6). It can hardly be said that personal jurisdiction was lacking when Watkins appeared before the California tribunal and consented to judgment. The payment history asserted by Watkins relates to his payments made prior to the 2003 judgment. On the other hand, Watkins' primary defense now asserted is res judicata, a defense not listed in Article 1306.7 as appropriate consideration for a Louisiana court. If California's claim against him in 2003 was the same claim previously adjudicated in California in the 1980's and collected in Louisiana in the 1990's, the California court in 2003 was the court to measure res judicata. Watkins never urged res judicata in California. Instead Watkins consented to a second judgment. Louisiana should give full faith and credit to that judgment.
APPLICATION FOR REHEARING
Rehearing denied.
CARAWAY, J., would grant rehearing.
NOTES
[1] There was a September 1978 preliminary judgment setting child support at $150.
[2] Actually, two petitions were filed bearing docket numbers 41,596 and 49,071. Docket number 41,596 was dismissed because the issues were resolved in docket number 49,071.
[3] This correspondence from California referred to docket number 41,596 of the Caddo Juvenile Court; as stated, 41,596 was dismissed as the issues were resolved in docket number 49,071.
[4] Louisiana Children's Code article 1306.2(B) provides: "In a proceeding for arrearages, the prescriptive period under the laws of this state or of the issuing state, whichever is longer, applies."
[5] We note that at $400 per month and with interest continuing to apply, that Watkins would probably never pay off this debt. The manner in which California operates is similar to the antiquated plantation store operation.